## STRUSA v. MINNESOTA ATLANTIC TRANSIT CO. et al.

## CREGAN v. CARTLAND S. S. CO.

### Nos. 1970, 1987.

District Court, W. D. New York.

Feb. 29, 1936.

Henry Fogler, of Buffalo, N. Y., for libelants.

Brown, Ely & Richards, of Buffalo, N. Y. (Laurence E. Coffey, of Buffalo, N. Y., of counsel), for respondents.

KNIGHT, District Judge.

The libelant moves to strike these cases from the admiralty calendar and for direction that each be tried before a jury. In each of these suits the pleadings are in effect alike so far as they relate to the matter of these motions.

The pleadings on behalf of the libelant are confused. In each it is stated that the libel and complaint is in a civil and maritime action. It is understood that the libelant claims each action to be laid in admiralty, but that he is entitled to a jury trial in each suit by reason of the provisions of section 770, title 28, U.S.C. (28 U.S.C.A. § 770), and Admiralty Rule 46 of this District. In each complaint there is an allegation reciting provisions of the Merchant Marine Act approved June 5, 1920, § 33 (Jones Act), 46 U.S.C.A. § 688, entitling a seaman to maintain an action for damages at law with the right of trial by jury. It would seem that this allegation is irrelevant in the light of the other language of the pleading and the admission herein that this is a suit in admiralty.

In each of libelants' pleadings a demand is made for a jury trial. Section 770, supra, originated in an act passed by Congress in 1845 (5 Stat. 726). This act was held by the Supreme Court to be of no effect (The Genesee Chief, 12 How. (53 U.S.) 443, 13 L.Ed. 1058; The Eagle, 8 Wall. (75 U.S.) 15, 25, 19 L.Ed. 365), since, as it was found, admiralty jurisdiction extended beyond tidewater by force of the provisions of the act of 1789 (1 Stat. 73) and the Constitution of the United States. The act of 1845 was passed to give jurisdiction over inland waters. Upon the passing of that act, it was deemed

necessary to provide for trial by jury in admiralty in the particular instances stated in the act. The history of the act of 1845 discloses its only effect today is to preserve the right to a jury trial in specific cases. In other words, the right to bring suit in admiralty exists irrespective of section 770, and section 770 is an extension of the Admiralty Rule as to methods of trial. There is nothing in libelants' pleadings which shows that the vessel, on which it is claimed the injury was sustained, was "twenty tons burden or upward, enrolled and licensed for the coasting trade," or that it was "at the time employed in the business of commerce and navigation between places in different States and Territories upon the lakes and navigable waters connecting the lakes." On proof of such facts only would the defendant be entitled to trial by jury. It seems to me that there is no answer to the position that facts which entitle the libelant to a jury trial must be shown in the pleading. It is obvious that if a jury trial were directed and it appeared upon such trial that the vessel did not come within the specifications laid down in section 770, supra, then the libel would have to be dismissed. So it is necessary that the court know at this time through the pleadings that this is a suit in admiralty in which the libelant has the right to a trial by jury. As was said in Gillet et al. v. Pierce, Fed.Cas. No. 5437: "The pleadings do not bring the present case within the provisions of the enactment, it nowhere appearing by the libel or the answer that the vessel concerning which the contract in question arose was 'enrolled and licensed for the coasting trade.'" Motion for a trial by jury in that case was denied; and in The City of Toledo (D.C.) 73 F. 220, 226, it was said: "The averments in the libel, * * * do not bring the libelant in this case within the meaning of the act of 1845. * * * The application for a trial to a jury is therefore denied." See, also, The Genesee Chief, supra, and The Eagle, supra. It should be said that in the instant cases the answers in nowise supply the allegations necessary in this respect. Rule 46 of this District must be read in harmony and not in conflict with section 770. The statute, of course, prevails over the rule. The rule is a rule of procedure. The statute limits the right to trial by jury.

For the reasons hereinbefore given, upon the pleadings as they now stand, motions for jury trials must be denied.