## CONNORS v. BROWN S. S. CO. et al.
### No. 2244.

United States District Court
W. D. New York.
Jan. 8, 1954.

See also 115 F.Supp. 775.

Desmond & Drury, Buffalo, N. Y., for libellant; Edward J. Desmond, Buffalo, N. Y., of counsel.

Richards & Coffey, Buffalo, N. Y., for respondent; Fenton F. Harrison, Buffalo, N. Y., of counsel.

David S. Jackson, Buffalo, N. Y., for impleaded respondent, Cargill, Inc.

KNIGHT, Chief Judge.

Respondent Cargill, Incorporated, has moved, on all the papers filed and pro-

ceedings had in this suit, for a hearing of its exceptions to the cross-libel of Brown Steamship Company against it and to the amended and supplemental libel. The result sought by movant is an order dismissing the cross-libel, vacating the order of this Court granting libellant leave to file a supplemental and amended libel and to dismiss the supplemental and amended libel as against movant, and that libellant is not entitled to a jury trial.

The suit is brought in admiralty and its conduct is subject to the rules affecting admiralty and maritime cases. The amended and supplemental libel and complaint, by which Cargill, Incorporated was brought into this suit by libellant, seems adequate as a pleading against Cargill. The answer and cross-libel of Brown Steamship Company puts in issue its liability for the injuries to libellant and sufficiently alleges its right to recover over against Cargill in the event that damages are awarded libellant against Brown Steamship Company. Perhaps Brown Steamship Company may have carelessly used the words "cross-libel" in the endorsement and identification of its answer when it is apparent that its intention was to recoup for damages awarded against Brown Steamship Company.

With respect to libellant's right to trial by jury, it would appear that the suit falls without the provisions of 28 U.S.C.A. § 1873. Compare City of Cleveland v. McIver, 6 Cir., 109 F.2d 69.

As before stated, the suit is in admiralty. The libellant's amended libel and complaint states that libellant, an employee of Grain Handling Company, Inc., was injured as he was departing, by the ship's ladder, from the Steamer J. J. H. Brown, which ship was then moored "at the Superior Elevator while upon the navigable waters of the Buffalo River". The court will take judicial notice that Buffalo River is not a navigable water connecting any of the Great Lakes. In such circumstances libellant is not entitled, as matter of right, to a trial by jury. Strusa v. Minnesota Atlantic Transit Co., D.C., 13 F.Supp. 872; 50 Harv.L.R. 350; 28 U.S.C.A. § 1873.

Movant's motion directed to the pleading is denied and movant's motion to vacate the note of issue insofar as the demand for a jury trial is concerned and deny libellant's demand for a trial by jury is granted. The order dated November 17, 1953 and filed November 23, 1953, is vacated insofar as it relates to trial by jury. Present order accordingly.