**AMERICAN STEAMSHIP COMPANY,**
Libelant,

v.

The **GREAT LAKES TOWING COM-
PANY and the City of Buffalo,**
Respondents.

No. 2361.

United States District Court
W. D. New York.

Feb. 8, 1965.

Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N. Y. (Stephen H. Kelly, Buffalo, N. Y., of counsel), for respondent City of Buffalo.

Arthur E. Otten, Buffalo, N. Y., for respondent Great Lakes Towing Co.

HENDERSON, District Judge.

The respondent, The City of Buffalo, has served a demand for a jury trial. The respondent, The Great Lakes Towing Company, moves for an order denying or vacating that demand.

On September 26, 1963, the libelant's steamer Diamond Alkali entered Buffalo Harbor from the Port of Manistee, Michigan. She carried a cargo of sand consigned to the A & B Sand Dock. Met by the tug North Carolina, the steamer was assisted up the Buffalo River into the City Ship Canal (also referred to as the Buffalo Ship Canal). Before she reached her berth and while maneuvering in the City Ship Canal, the steamer struck certain spile clusters and an abutment of the Michigan Avenue Bridge. The City Ship Canal is a short dead-end canal lying solely in the City of Buffalo. Similarly, the navigable portion of the Buffalo River lies within the City of Buffalo, and, though connecting the City Ship Canal, does not connect the lakes.

The City of Buffalo predicates its right to a jury trial upon 28 U.S.C. § 1873 which is set out in full later in this opinion.

From the pleadings is appears that this is a case of admiralty and maritime jurisdiction relating to a matter of tort. In addition, there appears to be no serious dispute but that the steamer Diamond Alkali is a vessel of twenty tons or upward enrolled and licensed for the coasting trade. At this point the parties disagree as to the proper interpretation of section 1873.

The Great Lakes Towing Company relies upon Strusa v. Minnesota Atlantic Transit Co., 13 F.Supp. 872, 873 (W.D. N.Y.1936) and Connors v. Brown S. S. Co., 117 F.Supp. 179 (W.D.N.Y.1954) which hold that unless a vessel is on "the lakes" or "navigable waters connecting the lakes" at the time of the accident, the statute does not apply. Although a change was made in the statutory language in the years intervening between the two decisions,[1] that change obviously did not alter the view of the

---

1. Compare 28 U.S.C.1940 ed. § 770 with 28 U.S.C. § 1873.

district court, and diligent research has failed to disclose any legislative history indicating that a change in meaning may have been intended.

While the statute must be strictly construed, the court believes that the construction in the aforementioned cases is neither consistent with the import of the statutory language nor productive of a logical result.

The court's construction of the statute may be illustrated as follows:

"In any case of admiralty and maritime jurisdiction relating to any matter of contract or tort arising upon or concerning

any vessel

of twenty tons or upward,

enrolled and licensed for the coasting trade, and

employed in the business of commerce and navigation between places in different states upon the lakes and navigable waters connecting said lakes,

the trial of all issues of fact shall be by jury if either party demands it."

So construed, "upon the lakes and navigable waters connecting said lakes" is merely descriptive of the business in which the vessel must be employed and is not, per se, a restriction on the location of the vessel at the time of the accident. If the construction urged by Great Lakes Towing Company had been intended, the phrases "upon the lakes" and "navigable waters connecting said lakes" obviously would have been joined by the conjunction "or" rather than by "and." Of course, vessels not upon the lakes or in harbors and navigable waters serving the lakes would not be "employed" in the requisite "business." Similarly, vessels

upon the lakes and navigable waters serving the lakes might be disqualified under the statute if their "business" was of a nature other than that described.

A contrary construction would result in the right to a jury trial depending on whether a vessel happened to be entering or leaving a harbor on the Great Lakes or, perhaps, on whether a vessel, leaving the Great Lakes to load or unload, entered a river or channel which happened to connect or not connect with another lake. While the wisdom of jury trials in admiralty and maritime cases itself may be open to debate,[2] the construction of the enabling statute should not defy logic.

The United States Supreme Court[3] and the Second Circuit Court of Appeals,[4] in cases having comparable facts but not raising the present issue, have indicated that the statute may apply. This at least is an indication of the natural import of the statutory language.

The motion is denied. So ordered.

---

2. See 50 Harv.L.Rev. 350.

3. Michalic v. Cleveland Tankers, Inc., 364 U.S. 325, 331 n. 4, 81 S.Ct. 6, 5 L.Ed.2d 20 (1960). Although the opinion does not reveal the location of the vessel at the time of the accident, the record on appeal indicates that the vessel was laying up at the Allied Oil Company dock

in Cleveland, Ohio. Chart 354 of the United States Lake Survey shows that this dock is located on a dead-end canal off the Cuyahoga River.

4. Troupe v. Chicago, Duluth & Georgian Bay Transit Co., 234 F.2d 253, 257, 258 n. 7 (2d Cir. 1956).