## THE YOUNGSTOWN.

### MADDEN et al. v. LYKES BROS. RIPLEY S. S. CO., Inc.

### No. 9324.

Circuit Court of Appeals, Fifth Circuit.

March 19, 1940.

Rehearing Denied April 24, 1940.

R. A. Dowling, of New Orleans, La., for appellants.

Geo. H. Terriberry, Jos. M. Rault, and Benjamin W. Yancey, all of New Orleans, La., for appellee.

Before HOLMES and McCORD, Circuit Judges, and MIZE, District Judge.

HOLMES, Circuit Judge.

This is a libel in admiralty brought by appellants, as members of the crew of the S. S. Youngstown, to recover the balance of wages alleged to be due them. The court below dismissed the libel on the ground that appellants were deserters, and, therefore, were not entitled to the recovery sought; hence this appeal.

Before the voyage in question, each of the appellants signed shipping articles before the United States Shipping Commissioner at Houston, Texas, as set out below.[1] The vessel proceeded to several European ports, and some two months later returned to Tampa, Florida, en route to New Orleans, Louisiana, the final port of discharge. Shortly before reaching Tampa, the crew learned of a strike in progress in that port, and advised the master that they would leave the ship after docking there. After conferences between the master and representatives of both the crew and the union, at which no agree-ment was reached, the crew finally left the ship, and the master logged them as deserters, after paying them half of their wages.

It is conceded that, if the crew unlawfully deserted the ship, they were entitled only to the compensation paid them. 46 U.S.C.A. § 701. However, appellants insist that they were not deserters, claiming that they were justified in leaving the ship because the master violated the statute, 46 U.S.C.A. § 673, 38 Stat. 1164, by breaking the watches of an oiler, a boatswain, and a wiper, and by requiring some of appellants to work overtime.

It must be noted that the recent amendments to the statute did not become effective until December 25, 1936, which was subsequent to the occurrences complained of in this case. The statute, as it must be applied here, required the master to divide the sailors into at least two watches, and the fireman, oilers, and water tenders into at least three; but provided that these requirements should not limit the authority of the master or the obedience of the seamen when, in the judgment of the master, the whole or any part of the crew was needed for the maneuvering of the vessel.

The statute does not require any watches at all for the boatswain and the wiper, and no duty can be violated where none is owed. Regarding the oilers, there was evidence proving that an oiler was put to work repairing winches for eight regular hours during the day, but there was also substantial evidence to prove, and the court below found as a fact, that the duties assigned to him were the customary duties of an oiler on a ship which was not required to carry, and did not carry, a deck engineer. Two other oilers maintained their regular watches, and the oiler who acted as deck engineer testified positively that he did not abandon the ship because of anything that occurred on the voyage, but only because of the strike. The performance of such regular and customary duties, even though of a nature to require the breaking of a watch, was not violative of the statute. The Narbo, D.C., 17 F.Supp. 991; Cf. O'Hara

---

[1] "It is agreed between the Master and seamen, or mariners, of the S. S. Youngstown of Houston, Texas, of which Albin Johnson is at present master, or whoever shall go for Master, now bound from the Port of Houston, Texas, to Havre, Dunkirk, Ghent, Antwerp, Rotterdam, and such other ports and places in any part of the world as the Master may direct, and back to a final port of discharge in the United States, for a term of time not exceeding 12 calendar months."

et al. v. Luckenbach S. S. Co., 269 U.S. 364, 46 S.Ct. 157, 70 L.Ed. 313.

■ The contention regarding overtime work is likewise without merit. It is clear from the evidence that overtime work was done, and was paid for, pursuant to and in accordance with the terms of a voluntary agreement acquiesced in by the claimant, the crew, and the union. There was nothing in the cited statute, prior to its inapplicable amendments, prohibiting the making of the agreement or limiting the hours of work. It necessarily follows that the performance of an agreement so made was not violative of the statute.

■ There was substantial evidence to support the findings. The voyage contracted for by the appellants had not been completed, the master was not at fault, and there was a complete and permanent abandonment of the ship without justification or excuse. Leaving the ship under such circumstances constituted desertion, and the decree should be, and is, affirmed. The Larimer, D.C., 174 F. 429; The M. S. Elliott, 4 Cir., 277 F. 800; The City of Norwich, 2 Cir., 279 F. 687, L.R. A.1918C, 795.

Affirmed.