## KREY v. UNITED STATES.
### No. 53.

Circuit Court of Appeals, Second Circuit.

Dec. 1, 1941.

Arthur S. Gales, of New York City (N. Sinclair Robinson, of New York City, on the brief), for libelant-appellant.

Arthur M. Boal, of New York City (Mathias F. Correa, U. S. Atty., and Tompkins, Boal & Tompkins, all of New York City, on the brief), for the United States.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This appeal raises the simple question of the seaworthiness of a shower bath on a ship of the United States of America. Libelant sued under 46 U.S.C.A. § 781 for damages for personal injuries and for seaman's maintenance and cure. The district court denied any damages and allowed $500 for maintenance and cure; and libelant here asserts error as to both rulings.

Libelant, Krey, 57 years old, was employed as chief cook on the S. S. Independence Hall, a vessel owned by the United States and operated by the Maritime Commission. At the time of employment he was found by the ship's doctor to be in good health and physical condition. Three days later he was injured while the ship lay over in Philadelphia. This injury occurred as he stepped into the shower used by the crew.

The shower was a metal affair with a concrete floor, on which was placed a wooden mat. The entrance to the shower was fore, and the concrete floor sloped aft to the drain, thus away from the user as he stepped into the shower. At the entrance was a sill about ten inches high, so that a user had to step up in order to get into the shower. The wooden mat or platform was composed of boards about four inches wide running from the front of the shower to the rear with the slope of the concrete floor. The boards, spaced from a half to three-quarters of an inch apart were planed smooth and were likely to be slippery. This slipperiness was contributed to by soapy water swept onto the boards from a movable bench in the shower on which the crew members washed clothes. Within the shower there were no rails, grab handles, or other devices by means of which a bather

could catch or support himself when entering or while in the shower.

Libelant stepped into the shower late in the afternoon of August 21, 1939, after several crew members had taken showers. As he brought both feet into the shower, he slipped, striking his leg on a steam pipe and his back on the edge of the sill. He was able to get up unassisted, but the next day he was received in the Marine Hospital in Manhattan for outpatient treatment. Later he entered the Marine Hospital in Staten Island and remained there for a period of eleven weeks.

■■ It is unquestioned that a seaman may recover for an injury caused by the negligence of the shipowner in not providing seaworthy working conditions. Desrochers v. United States, 2 Cir., 105 F.2d 919, certiorari denied 308 U.S. 519, 60 S.Ct. 180, 84 L.Ed. 441; The H. A. Scandrett, 2 Cir., 87 F.2d 708. And the existence of such unseaworthy conditions may very well be found under circumstances which might not be considered unsafe on land because of the increased risks in the circumstances and of the traditional protection accorded seamen as wards of the admiralty. Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, 430, 431, 59 S.Ct. 262, 83 L.Ed. 265; cf. Hume v. Moore-McCormack Lines, 2 Cir., 121 F.2d 336.

■ The question, then, is solely whether or not the shower was unseaworthy. Normally this would raise only a question of fact, as to which we are accustomed to defer to the ruling below as made upon conflicting evidence. The I. L. I. No. 103, 2 Cir., 104 F.2d 650. But the facts here are not in dispute, and the question is therefore not whom to believe, but whether the shower as admittedly constructed was unseaworthy. It is our conclusion that it was. Viewed as a shower to be used at sea, the absence of any sort of handle or rail for support is alone almost enough to condemn it. In the presence of running water, made slippery by soap, it is difficult enough for a user to stand up when a shower remains steady; at sea, it is clearly more difficult. But there were other things wrong with the shower. Its slope was especially dangerous for one stepping into it; and the direction of the boards removed any protection which might be pro-

vided if, say, the boards ran crosswise or were crisscrossed. Furthermore, the use of the shower for washing clothes added to the hazard of stepping on the boards by increasing their slipperiness. All of these factors combined seem to us clearly to establish an unseaworthy condition. That the accident occurred in port is hardly controlling. Even there some roll may be present; and even absent any roll, this shower was not well suited for use by any except the extremely cautious. A seaman may reasonably assume that a shower on board ship is constructed for use at sea, and thus act accordingly. There is no reason to require him to be more cautious solely because the ship is in port.

Respondent argues that there is no evidence showing that the shower was improper. It is pointed out that the floor boards would have to be smooth in any event to avoid splinters. Though this makes for slipperiness, it does not prevent a shipowner from providing crisscross boarding. Respondent says, however, that the seamen themselves object to such boarding because their toes "get caught in this checker grating when they step forward." There is no reason for the boards not being close enough together to avoid this, or for that matter, for the mat not being made of rubber. And in any event, rails or handles at least should be provided.

■ We are requested to assess the damages in the event that we find negligence. But this we will leave to the judge below, because there is evidence that other ailments contributed to libelant's condition. On this record it is hardly possible to assess the damage directly caused by this accident. As to libelant's claim of inadequacy of the award for maintenance and cure, we should hesitate to find it unreasonable under all the circumstances here present. But since full indemnity will cover all such items, that award as it stands falls by the wayside and separate awards will not be required. Pacific S. S. Co. v. Peterson, 278 U.S. 130, 137, 49 S.Ct. 75, 73 L.Ed. 220; John A. Roebling's Sons Co. v. Erickson, 2 Cir., 261 F. 986, 988, certiorari denied 252 U.S. 585, 40 S.Ct. 394, 64 L.Ed. 729.

Reversed for the award of full indemnity for the injury sustained by libelant.