**MOORE v. WARING.**

No. 16, Docket 22365.

United States Court of Appeals,
Second Circuit.

Argued Nov. 3, 1952.

Decided Dec. 4, 1952.

William J. Rapp, New York City, for plaintiff-appellant (Robert A. Siebert, Pierce V. Brennan and William J. Rapp, New York City, of counsel).

O'Brien, Driscoll & Raftery, New York City (Arthur F. Driscoll, Edward C. Raftery and Milton M. Rosenbloom, New York City, of counsel), for defendant-appellee.

Before SWAN, Chief Judge, and L. HAND and FRANK, Circuit Judges.

FRANK, Circuit Judge.

In this suit for slander, the complaint alleged that, in the presence of the members of defendant's musical band, defendant had called plaintiff a "slimy reptile," a "scurvy rat," a "son-of-a-bitch," and a "traitor," and had charged defendant with perjury. Defendant admitted all the non-perjury statements. As to the perjury statement, he denied and, in the alternative, pleaded truth as a defense. The evidence showed that the "traitor" charge meant that plaintiff was a "traitor" to defendant and his band.

■ There was conflicting testimony as to the charge of perjury. The trial judge told the jury that the "defendant in pleading truth in a slander action is not repeating the slander." The judge left to the jury the questions whether defendant had accused plaintiff of perjury and whether defendant had established the defense of truth. At the close of the judge's instructions to the jury, he asked whether there were objections. Plaintiff's counsel replied: "No, your Honor has covered everything." Plaintiff now contends the judge erred, especially in leaving to the jury the truth-defense, as there was no evidence to support it. But, under Fed.Rules Civ.Proc. rule 51, 28 U.S.C.A., plaintiff was barred from assigning such an error.[1] It was not so egregious that we may consider it, Rule 51 notwithstanding.

■ Plaintiff, in order to recover because of the alleged defamatory remarks other than that as to perjury, was obliged to prove special damages. The judge excluded testimony, which plaintiff offered in an effort to do so. We think the judge did not err, since the proposed testimony was too vague, and accordingly might have misled the jury.[2] We have considered the several other contentions of plaintiff and find them without merit.

Affirmed.

1. Rule 51 provides: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

2. The rulings of the judge occurred in connection with the following:

"Q. Now, Mr. Moore, while you were working for the Waring organization, did you get any other work outside of it through your connection with the various members of the band? A. Yes, sir.

"Q. And after you were discharged from the Waring organization did you get any of this work at all through any connections you had with members of the band individually? A. No, sir, nothing.

*    *    *    *    *    *

"Mr. Raftery: I further object on the ground that this is directly not connected with Mr. Waring. He said through other members of the band.

"Mr. Rapp: I want to show damages, if your Honor please.

"The Court: I know, but how about the last statement which points out what you did ask for?

"Mr. Rapp: What was that, sir?

"The Court: I don't know what that question means. Do you mean that because you were deprived of contact with members of the band that you could not get any work? Is that what you mean, or what do you mean?

*    *    *    *    *    *

"The Court: * * * You said you used to get employment from members of the Waring band or organization, I don't know which you said, and after your discharge became effective on the 12th, that you did not get any more of it. What did you mean by that?

"The Witness: I never got any more work through anybody in the organization.

"The Court: Did you meet them? Did you have contact with them?

"The Witness: I met some and was ignored by them. I have been snubbed; people who were my very closest friends would not contact me ever again, people I have known even five years before I joined Waring.

"The Court: I know, but this employment, I want to know how you connect that with Waring. That is what the lawyer want to know and what I want to know.

"The Witness: Because anybody that was in that room when Waring said these things to me has been afraid to have any association with me as long as they were in his employ. I had gotten

lots of work through these friends prior to this excoriation.

*"By Mr. Rapp:*

"Q. And have you gotten any work from any of these sources since?

"Mr. Raftery: The same objection.

"The Court: How about it? It sounds like a valid objection to me in view of your client's answer.

"Mr. Rapp: If your Honor please, I want to show that it is part of the damages that Waring has stopped these people from having anything to do with him.

"The Court: You show that, if you have anything in your complaint to justify it. Presently I will sustain the objection made to the last two questions and strike out the answer to the first.

\* \* \* \* \*

"The Court: \* \* \* I do not think he can testify to the matter I struck out, and now I have allowed you to put in the record that he formerly had access to them, and that some of them gave him employment, and now that access is not either feasible, or maybe it is impossible, I don't know what his answer means, and therefore the opportunity to get employment is denied, and I think I will let it stand that way.

*"By Mr. Rapp:*

"Q. Mr. Moore, what was your income the first year after you left the Waring organization?

"The Court: From May to May, you mean? June to June, you mean?

"Mr. Rapp: Yes, approximately.

"Mr. Raftery: That is objected to under the pleading. There is no plea of special damage.

"The Court: How about it?

"Mr. Rapp: There is a plea of special damage. It is right in there.

"The Court: What paragraph?

"Mr. Rapp: The 21st, Judge. We have got to prove that his income was affected and how it was affected.

"The Court: Well, I do not think giving the dollars of his income before and after is any measure of damages, because that is dependent on a great many causes.

"Mr. Rapp: Well, that is for the jury—

"The Court: Well, I do not think I will allow the jury to hear it, to shut off any speculation.

"Mr. Rapp: If your Honor please, I think I have a case in there that holds that the income from a business was proven before the accident happened and directly after it happened.

"The Court: Well, I would not know about that, but, anyway, running a business is very different from professional employment. You would call your employment professional even though you were salaried, wouldn't you?

"The Witness: Yes, it was professional.

"The Court: I would presently sustain the objection. See if you can approach it some other way. \* \* \*

\* \* \* \* \* \*

"Mr. Rapp: Will your Honor permit me to prove any of the income at all, to prove that he had no income after he left the organization as a result of this slander?

"The Court: Yes, I will allow you to prove anything that is the result of the slander."