MaKane KANE, Plaintiff-Appellant,

v.

AMERICAN TANKERS CORPORATION OF DELAWARE Defendant-Appellee.

No. 112, Docket 23232.

United States Court of Appeals, Second Circuit.

Argued Jan. 7, 1955.

Decided Feb. 18, 1955.

Simon Haberman, New York City, for plaintiff-appellant, Simon Haberman, Irving Lemov, New York City, of counsel.

Frederick H. Cunningham, New York City, for defendant-appellee, Victor S. Cichanowicz, Brooklyn, N. Y., of counsel.

Before SWAN and MEDINA, Circuit Judges, and DIMOCK, District Judge.

DIMOCK, District Judge.

MaKane Kane, appellant, was employed as a fireman and water tender aboard a vessel owned and operated by American Tankers Corporation of Delaware, appellee. This action was brought under the Jones Act, 46 U.S.C. § 688, for personal injuries alleged to have been sustained by appellant as a result of fault on the part of appellee. A jury verdict

was rendered for appellee and a judgment of dismissal entered thereon. Appellant seeks a reversal and a new trial.

First, appellant urges that the trial judge erred in dismissing that part of appellant's case which charged appellee with a violation of section 673 of Title 46, United States Code.

That section reads, in material part:

"In all merchant vessels of the United States of more than one hundred tons gross * * * the licensed officers and sailors, coal passers, firemen, oilers, and water tenders shall, while at sea, be divided into at least three watches, which shall be kept on duty successively for the performance of ordinary work incident to the sailing and management of the vessel. No licensed officer or seaman in the deck or engine department of any tug documented under the laws of the United States * * * shall be required or permitted to work more than eight hours in one day except in case of extraordinary emergency affecting the safety of the vessel and/or life or property. The seamen shall not be shipped to work alternately in the fireroom and on deck, * * * nor shall any licensed officer or seaman in the deck or engine department be required to work more than eight hours in one day * * *."

■ Although it is clear that appellant labored more than eight hours per day for a substantial number of days, it is equally clear that he was never required to do so. Appellant's contention is that appellee violated section 673 in permitting him to labor more than eight hours per day. Study of the language of that section reveals that, while seamen employed on tug boats must not be permitted to work overtime, other seamen are merely protected from being required to work overtime.

Recognizing that he was not employed on a tug, appellant seeks to construe that part of the statute applicable to him as prohibiting overtime work. He says that the case of O'Hara v. Luckenbach S. S. Co., 269 U.S. 364, 46 S.Ct. 157, 70 L.Ed. 313, supports his position.

In the O'Hara case the court determined only that the 1915 Act [1] compelled division of the crew of a vessel into a deck department and fireroom department. In reaching this conclusion the court gave effect to the explicit language of the Act, which states that the seamen "shall" be divided and "shall not be shipped to work alternately in the fireroom and on deck * * *." The Act continues, "nor shall those shipped for deck duty be required to work in the fireroom, or vice versa * * *", but the court had no occasion to decide whether merely permitting a seaman shipped for duty in one department to work in the other would be a violation of the prohibition. We are thus given no reason to depart from the clear import of the language of the statute. Where the statute intends to prohibit overtime work it says so. See, The Youngstown, 5 Cir., 110 F.2d 968; Madden v. Lykes Bros.-Ripley S.S. Co., certiorari denied 311 U.S. 690, 61 S.Ct. 69, 85 L.Ed. 446.

The court did not err in dismissing plaintiff's charge of violation of section 673 of Title 46 U.S.C.

■■ Second, appellant argues that the trial court erred in submitting to the jury the question whether the course taken by the ship was a deviation from the voyage described in the ship's Articles.[2] Both parties agree on the course of the voyage; the only question presented was whether this voyage was a deviation from the one described in the

---

1. 46 U.S.C. § 673 is based on the Seamen's Act of March 4, 1915, c. 153, 38 Stat. 1164.

2. The Articles, required by section 564 of Title 46 U.S.C., described the following voyage: "to one or more ports in the Caribbean and such other ports and places in any part of the world as the Master may direct, and back to a final port of discharge in the United States, for a term of time not exceeding twelve (12) calendar months."

Articles. This was a question of law which should not have been left to the jury. Since we are satisfied, as a matter of law, however, that there was no deviation, submission of this question to the jury was too favorable, rather than prejudicial, to appellant.

■■ We may assume that if read literally the description of the voyage contained in the Articles is too broad to be legally effective. See, The Kentra, D.C., 286 F. 163. By permitting the general words to be cut down by the specific words and the circumstances, we may narrow the description so as to bring it within the limits of permissible generality. The question is whether the actual voyage was a deviation from the voyage indicated by the description thus narrowed. The ship was an oil tanker bound, to start with, for Caribbean ports. From the Caribbean she sailed to Europe. Certainly this course would be within the contemplation of the parties in using the general words. The ship proceeded from Europe to Ras Tanura in South Arabia and from there to the United States. We believe that this course too— from Europe to the oil producing Middle East—was within the parties' contemplation. It must be remembered that the Articles contemplated the ship's return to New York at a maximum of twelve months from the date of departure. Certainly it could not have been thought that the tanker would criss-cross the Caribbean for all that time.

Third, appellant urges that the trial court erred in its charge to the jury concerning appellee's duty to provide seaworthy appliances and equipment and in its refusal to charge as requested by appellant.

■ Appellant made no objection to the trial judge's charge in these respects. Rule 51, F.R.C.P. 28 U.S.C. provides, in part:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

Appellant was given an opportunity to comply with the rule but he failed to do so. He may not at this late date allege error.

Fourth, appellant urges that the trial court erred in allowing a medical expert to answer a hypothetical question put to him by appellee.

■ The illness which was the basis of appellant's action was tuberculosis. Appellant first complained of this malady eight months after his separation from appellee's ship. The hypothetical question referred to omitted a recitation of the evidence adduced about the conditions under which appellant worked aboard the ship. The question sought, by this omission, to elicit a statement whether the medical expert believed that the conditions during the voyage could have been the producing cause of tuberculosis which did not manifest itself until eight months thereafter, no matter what they were. To this the expert answered that it would be a "fantastic speculation". The answer may have been damaging to appellant's cause but there was nothing unfair in the question. The expert would necessarily have made the same answer to the kind of question that appellant thinks should have been asked, that is, one which detailed all of the circumstances. In that case the answer would then have been even more damaging. There was no error in overruling appellant's objection to the question.

Finally, appellant urges that the trial court erred in several of its rulings during the trial.

■ (1) A medical expert testifying for appellant was asked on cross-examination:

"Q. Can you, sitting there under oath at the present time, tell this jury that this man contracted tuberculosis on that ship?"

Appellant objected to the question but Judge Noonan overruled the objection. On direct examination the expert's testimony had been to the effect that appellant's malady was not activated either before or after the voyage and probably was activated by conditions aboard the ship during the voyage. The question asked on cross-examination certainly follows logically from this. The question was of the stock kind which, on cross-examination, asks a witness who has given an opinion whether or not he is sure. It was not error to overrule appellant's objection to this question.

(2) With respect to appellant's charge that appellee failed to provide seaworthy appliances in the nature of gas masks, for certain work, testimony to the effect that safe appliances were available to the seamen but that generally they chose not to use them because they found them uncomfortable was admitted over appellant's objection. Appellant's point seems to be that the testimony was irrelevant without testimony that the appliances were proffered to the seamen. There was evidence that some of the seamen sometimes used the appliances. No more was required. The evidence complained of was properly admitted.

(3) Appellant claims to have been prejudiced by colloquy between his counsel and the trial judge in the presence of the jury.

In questioning a witness appellant's counsel stated that the "record" was "replete" with findings that appellant suffered from nephritis. The court questioned this. In using the term "record" the court had in mind a specific hospital record. From the circumstances it would have been reasonable to think that appellant's counsel was referring to the same "record". This record did not contain any such finding. After considerable colloquy appellant's counsel stated that in using the term "record" he had been referring to three hospital records considered together. The court specifically accepted this state-ment, and counsel continued his questioning. Judge Noonan thus made it plain that he believed that his original impression that counsel had made an incorrect statement was the result of a misunderstanding. Appellant could have asked no more.

(4) Appellant says that he was prejudiced in that his testimony was not taken through an interpreter. Appellant's answers to the questions put to him reveal a degree of responsiveness that makes it impossible to say that appellant's difficulty with the English language was such that the interests of substantial justice required the services of an interpreter.

(5) During the direct examination of appellant's medical expert a hypothetical question was asked of the expert. As originally framed the question included, as an element to be considered by the expert, the assumption that appellant coughed and had chest pains during part of the voyage. Exception was taken to the question and colloquy between court and counsel ensued. The trial judge, in the presence of the jury, said that there was no evidence that appellant coughed aboard the ship and the hypothetical question as finally put to the expert omitted the element of coughing. As a matter of fact there was, at the time of this colloquy, evidence in the record that appellant suffered from coughing while aboard the ship.

In effect, the expert's answer to the question as finally put was that the evidence adduced was sufficient to show that appellant had contracted his malady aboard the ship even without any proof that appellant coughed aboard ship. The omission from the hypothetical question was thus not prejudicial to appellant.

Nor was any harm done by the court's statement that there was no evidence of coughing. It was accompanied by an admonition that the jury must not accept the recollection of court or counsel but must itself decide what the evidence was. Further, the court later

**642**

told the jury that the statement in question had been erroneous.

Appellant has failed to show that he was prejudiced by any error in the trial of his cause and the judgment below must be affirmed.