Kathleen TROUPE, Plaintiff-Appellant,

v.

CHICAGO, DULUTH & GEORGIAN BAY TRANSIT COMPANY, Defendant-Appellee.

No. 255, Docket 23475.

United States Court of Appeals Second Circuit.

Argued March 14, 1956.

Decided June 1, 1956.

S. Eldridge Sampliner, Cleveland, Ohio (Harvey Goldstein, New York City, of counsel), for plaintiff-appellant.

Lucking, Van Auken & Schumann, Detroit, Mich., Kenefick, Bass, Letchworth, Baldy & Phillips, Buffalo, N. Y. (Allan C. Miller, Detroit, Mich., Robert M. Hitchcock, Buffalo, N. Y., of counsel), for defendant-appellee.

Before FRANK, LUMBARD and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

On May 14, 1952, defendant's vessel South America, a Great Lakes passenger steamer, was undergoing final fitting-out in preparation for its first sailing of the 1952 season. Plaintiff, a stewardess aboard the vessel, was going about her duties when she slipped on a stairway outside one of her assigned cabins and fell to the deck, breaking her arm and suffering other injuries. The stairway consisted of three steps, with full length handrails on either side. The steps, which had been painted several days previously with grey deck paint, were of steel construction with a diamond safety tread pressed into the steel. Plaintiff testified that the steps were damp from rain, that the safety tread had been filled by repeated painting, and that the steps were smooth and exceedingly slippery. She admitted that she had used the same and identical steps many times over six previous seasons and that she had safely negotiated them several times on the day of the accident.

The complaint, brought at law, stated two causes of action: (1) negligence under the Jones Act, 46 U.S.C.A. § 688, and (2) maintenance and cure under the general maritime law. In addition, the complaint alleged that plaintiff's fall and resulting injuries were caused by defendant's negligence in "maintaining, equipping, and providing said vessel with a freshly painted shiny and smooth, excessively slippery step."

Although the record contains some confusing language to the effect that plaintiff was relying solely on a theory of negligence, the trial judge apparently considered the above-quoted allegation as properly raising an issue of unseaworthiness under the general maritime law.[1] Consequently, both negligence and unseaworthiness were simultaneously tried to a jury in accordance with the customary practice in this Circuit.[2] The maintenance-and-cure count was not submitted to the jury but tried to the judge, who awarded plaintiff $800.00 in addition to $1,576.03 which she had already received.

At the close of the plaintiff's case, defendant moved for a directed verdict on the issue of negligence, on the ground that no negligence had been shown, and, in addition, moved for a directed verdict on the issue of unseaworthiness, on the grounds that there was no unseaworthiness because the vessel was not in navigation at the time of injury and that there was no proof of unseaworthiness. The trial court denied both motions after counsel for both plaintiff and defendant had stated their respective views in opposition to and in favor of the motions. At the end of the case, after all the evidence had been received, the defendant renewed his motions, and they were again denied. Subsequently, the trial judge apparently changed his mind on the motion for a directed verdict on the issue of unseaworthiness, for he charged the jury as follows: " * * * It is my view that the evidence does not show that the ship itself was unseaworthy. That is my instruction as to the evidence in the case." The negligence issue was then submitted to the jury, which returned a verdict for defendant.

On this appeal plaintiff does not question the award for maintenance and cure, but seeks a new trial on negligence and unseaworthiness. She relies for reversal on the following alleged errors: (1) the

1. See Lopoczyk v. Chester A. Poling, Inc., 2 Cir., 1945, 152 F.2d 457; Krey v. United States, 2 Cir., 1941, 123 F.2d 1008; Moltke v. Intercontinental Shipping Corp., D.C.S.D.N.Y.1949, 86 F.Supp. 662.

2. See Balado v. Lykes Bros. S.S. Co., 2 Cir., 1950, 179 F.2d 943, for the practice in this Circuit. Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834, indicates a

similar practice in the First Circuit. The Third Circuit has predicated its practice of trying negligence and unseaworthiness claims simultaneously to the same jury on the doctrine of pendent jurisdiction, Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662. Cf. Yates v. Dann, 3 Cir., 1955, 223 F.2d 64; McLeod v. Union Barge Line Co., 3 Cir., 1951, 189 F.2d 610; Lipscomb v. Groves, 3 Cir., 1951, 187 F.2d 40.

action of the trial court in directing a verdict on the unseaworthiness claim, and (2) an instruction to the jury that the defendant could comply with its duty of due care by acting in accordance with the common practice in the industry. Defendant contends that these alleged errors should not be considered on appeal because they were not properly raised below, and, alternatively, that they do not constitute reversible error.

I

Before turning to these questions we will consider the jurisdiction at law of the court below over the unseaworthiness phase of the case. We do so because it is a jurisdictional question, which we can and should consider on our own motion,[3] and because recent decisions of this and other federal courts have evidenced concern over the jurisdictional basis of admiralty claims brought on the law side of federal district courts.[4] Although this is a jurisdictional question, the only significance it has is with respect to the mode of trial, since there is always jurisdiction in admiralty over an unseaworthiness claim. 28 U.S.C. § 1333.

In Paduano v. Yamashita Kisen Kabushiki Kaisha, 2 Cir., 1955, 221 F.2d 615, we held that there was no federal-question jurisdiction at law over a claim founded on the general maritime law.[5] If that decision is to be adhered to, some other basis for jurisdiction at law of the court below over the unsea-

worthiness claim must be discovered. There are several alternative possibilities: *First,* if diversity of citizenship is present and the amount in controversy exceeds $3,000, federal district courts have common-law jurisdiction of unseaworthiness claims. 28 U.S.C. § 1332. Unlike the vast majority of diversity cases, the law applied is the federal maritime law rather than state law. Pope & Talbot, Inc., v. Hawn, 1953, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143; Cannella v. Lykes Bros. S.S. Co., 2 Cir., 1949, 174 F.2d 794, 796, certiorari denied 338 U.S. 859, 70 S.Ct. 102, 94 L.Ed. 526. The result, when there is diversity, is that a seaman can try claims of negligence and unseaworthiness simultaneously to the same jury. *Second,* if the vessel involved is a Great Lakes vessel "of twenty tons or upward, enrolled and licensed for the coasting trade, and employed in the business of commerce and navigation between places in different states upon the lakes and navigable waters connecting said lakes," either party can demand and receive a jury trial in admiralty on an unseaworthiness claim. 28 U.S.C. § 1873. Since a seaman is entitled to a jury trial on a negligence claim under the Jones Act, 46 U.S.C.A. § 688, the result is that he can obtain a jury trial on both claims. Although one claim (unseaworthiness) is technically in admiralty, and the other (negligence) at law, there would appear to be no procedural objection to trying them both simultaneously to the same jury. Indeed, since the factual compo-

---

3. Mansfield, C. & L. M. R. Co. v. Swan, 1884, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462.

4. See Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662; Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834; Paduano v. Yamashita Kisen Kabushiki Kaisha, 2 Cir., 1955, 221 F.2d 615; Compania Maritima Ador, S.A. v. New Hampshire Fire Ins. Co., D.C.S.D.N.Y.1954, 120 F.Supp. 577; Wunderlich v. Netherlands Ins. Co., D.C. S.D.N.Y.1954, 125 F.Supp. 877; McDonald v. Cape Cod Trawling Corp., D.C. D.Mass.1947, 71 F.Supp. 888.

5. In Paduano we did not consider or discuss the question whether the complaint,

held to be erroneously brought at law, should be considered to have been brought in admiralty and therefore transfered to the admiralty docket rather than dismissed. It is clear, however, that a suit begun "at law" may, under some circumstances, be deemed to have been brought in admiralty, and vice versa. United States ex rel. Pressprich & Son Co. v. James W. Elwell & Co., 2 Cir., 1918, 250 F. 939; United States v. The John R. Williams, 2 Cir., 1944, 144 F.2d 451, 454, certiorari denied Great Lakes Dredge & Dock Co. v. United States, 323 U.S. 782, 65 S.Ct. 271, 89 L.Ed. 625; Civil v. Waterman S.S. Corp., 2 Cir., 1954, 217 F.2d 94, 97.

**258**

nents of the two claims are virtually identical, it would be foolish to require separate trials. A *third* possibility is that of pendent jurisdiction. The Jones Act claim for negligence and the maritime claim for unseaworthiness provide seamen with two different grounds of relief for the commission of the same wrong. A judgment on one claim bars a second suit based on the other claim. Baltimore S.S. Co. v. Phillips, 1927, 274 U.S. 316, 321, 47 S.Ct. 600, 602, 71 L.Ed. 1069. Since both claims are based on the same operative facts, they constitute a single "cause of action." Baltimore S.S. Co. v. Phillips, supra; American Fire & Casualty Co. v. Finn, 1951, 341 U.S. 6, 12–13, 71 S.Ct. 534, 95 L.Ed. 702. Because of the extremely close relation of the two claims and the virtual identity of their factual components, it is arguable that a federal district court, having properly taken jurisdiction at law under the Jones Act over the negligence claim, has jurisdiction at law over the closely related unseaworthiness claim. See Hurn v. Oursler, 1933, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, the controlling case on pendent jurisdiction, in which the Supreme Court held that where there is only one cause of action and jurisdiction is based upon a federal question, two or more grounds for relief may be urged, and, if the federal question is substantial, the federal district court has jurisdiction over the entire cause of action. See Doucette v. Vincent, 1 Cir., 1952, 194 F.2d 834, 840, note 5, and Jordine v. Walling, 3 Cir., 1950, 185 F.2d 662, 670–671.

We need not here decide whether there is jurisdiction at law, under the Hurn v. Oursler doctrine, of a pendent claim of unseaworthiness when combined in one action with a substantial and related claim under the Jones Act, since it affirmatively appears from the record that plaintiff "lives" at Kenmore, New York, that defendant is an Indiana corporation, and that the amount in controversy is well in excess of $3,-000.[6] Since the district court had jurisdiction at law over the unseaworthiness claim because of diversity of citizenship, the plaintiff was entitled to have both her claims submitted to a jury.[7]

## II

Turning to the merits of the case, we think that the trial court erred in directing a defendant's verdict as to unseaworthiness.

There was evidence from which the jury could have found that the steps were so painted and maintained as to be excessively slippery, especially when covered with water from a rain. We think this was a sufficient showing of unseaworthiness to entitle plaintiff to go to the jury. See e. g., Krey v. United States, 2 Cir., 1941, 123 F.2d 1008; Grillea v. United States, 2 Cir., 232 F.2d 919.

Defendant, relying on Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C., contends that plaintiff waived this error because her counsel did not, before the jury retired, state that he objected to the action of the trial court and specify the grounds of his objection. However, we do not think that Rule 51, dealing with objections to the court's instructions to the jury, is applicable here. Even though the action of the trial court was presented to the litigants and the jury as part of the charge, it was in reality a delayed ruling by the trial judge granting the prior motion of defendant to direct a verdict against plaintiff on unseaworthiness on the ground that the proof was not sufficient to permit that issue to go to the jury. Rulings on motions and evidence are governed by Rule 46 rather than Rule 51. Rule 46 provides: "Formal exceptions to rulings or orders of the court are un-

6. The whole record may be looked to for the purpose of curing a defective averment of jurisdiction. Sun Printing & Publishing Ass'n v. Edwards, 1904, 194 U.S. 377, 24 S.Ct. 696, 48 L.Ed. 1027. See 28 U.S.C. § 1653; 3 Moore, Federal Practice, § 15.09 (2d ed. 1949).

7. It is also probable that the facts of this case fall within 28 U.S.C. § 1873, discussed above.

necessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, *at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor;* \* \* \* *.*" [Emphasis added.] Plaintiff complied with this rule: when defendant first sought its ruling, plaintiff's counsel vigorously objected, and indicated to the court that unseaworthiness was sufficiently alleged by the complaint and proved by the evidence so that the issue should be submitted to the jury. Plaintiff's position having been made known to the court at the time the ruling was first sought, she was not required to repeat the objection when defendant renewed its motion and when the court granted the motion. Keen v. Overseas Tankship Corp., 2 Cir., 1952, 194 F.2d 515, certiorari denied 343 U.S. 966, 72 S.Ct. 1061, 96 L.Ed. 1363; Sweeney v. United Feature Syndicate, 2 Cir., 1942, 129 F.2d 904; Williams v. Powers, 6 Cir., 1943, 135 F.2d 153, 156; Green v. Reading Co., 3 Cir., 1950, 183 F.2d 716, 719. A point is properly preserved when a party has made known his objection to the trial court and stated the grounds on which he bases his objection. Keen v. Overseas Tankship Corp., supra; Irvin Jacobs & Co. v. Fidelity & Deposit Co. of Maryland, 7 Cir., 1953, 202 F.2d 794, 800–801, 37 A.L.R.2d 889. Since the trial court committed reversible error in directing a verdict as to unseaworthi-

ness, the plaintiff must have a new trial on that issue.

## III

The alleged error in the charge with respect to negligence is governed by somewhat different considerations. Defendant's counsel within the hearing of the jury requested the court to charge "that as a matter of law it is not necessary for the defendant to provide the best or the newest and latest stairs or paint nor that the ship be accident proof. It is enough if the steps and paint provided are commonly used and accepted in the industry at the time." The court replied: "I will so charge." Plaintiff remained silent throughout this colloquy, and the case was then submitted to the jury.

Rule 51 of the Federal Rules of Civil Procedure provides: "\* \* \* No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. \* \* \*" The purpose of this salutary rule is to expedite the administration of justice by insuring that the trial judge is informed of possible errors so that he may have an opportunity to reconsider his charge, and, if necessary, to correct it.[8] While we recognize the discretionary power of an appellate court in a proper case to review of its own motion errors not saved by proper objection,[9] we think this dis-

8. Palmer v. Hoffman, 1943, 318 U.S. 109, 119, 63 S.Ct. 477, 87 L.Ed. 645, rehearing denied 318 U.S. 800, 63 S.Ct. 757, 87 L. Ed. 1163; Marshall v. Nugent, 1 Cir., 1955, 222 F.2d 604, 615; Thorp v. American Aviation & General Ins. Co., 3 Cir., 1954, 212 F.2d 821, 825.

9. Hormel v. Helvering, 1941, 312 U.S. 552, 556–557, 61 S.Ct. 719, 85 L.Ed. 1037; Sibbach v. Wilson, 1941, 312 U.S. 1, 16, 61 S.Ct. 422, 85 L.Ed. 479; United States v. Atkinson, 1936, 297 U.S. 157, 159–160, 56 S.Ct. 391, 80 L.Ed. 555; Moore v. Waring, 2 Cir., 1952, 200 F.2d 491; Finn v. Wood, 2 Cir., 1950, 178 F.2d 583; Dowell, Inc., v. Jowers, 5 Cir., 1948, 166 F.2d 214, 2 A.L.R.2d 442; Shokuwan Shimabukuro v. Higeyoshi Nagayama, 1944, 78 U.S.App.D.C. 271, 140 F.2d 13. In the Hormel case, supra, the Supreme Court held that it had statutory or inherent power to consider on appeal legal questions not raised before the Board of Tax Appeals. In the Sibbach case, supra, the Court considered on its own motion the erroneous contempt commitment of a party who refused to submit to a Rule 35 physical examination, Rule 37 indicating that commitment for contempt was not a proper remedy for such refusal. But cf. the extreme holding in Herzog v. United States, 9 Cir.,

cretion should be exercised sparingly and only in exceptional cases.[10] Without attempting to state a rule or delineate situations in which it would be proper to exercise this discretion in favor of an appealing party, we think the language in United States v. Atkinson, 1936, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555, and quoted with approval in Johnson v. United States, 1943, 318 U.S. 189, 200, 63 S.Ct. 549, 87 L.Ed. 704, vividly calls to mind the type of situation in which we would be favorably disposed to review alleged errors despite the failure of the appealing party to raise his objections below: "In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or *if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings.*" [Emphasis added.]

While we have considerable doubt as to whether the alleged error in the charge is of this exceptional character, we have decided to consider it here because the case is being remanded for a new trial on another ground. See Dowell, Inc., v. Jowers, 5 Cir., 1948, 166 F.2d 214.

The trial judge charged the jury, at defendant's request, that "it is enough if the steps and paint are com-

monly used and accepted in the industry at the time." This instruction was erroneous. While the customary practice of the industry is relevant and admissible, the defendant's standard of care in a negligence action is not limited to complying with usual practices in the industry or trade. Wabash R. Co. v. McDaniels, 1883, 107 U.S. 454, 460–461, 2 S.Ct. 932, 27 L.Ed. 605; Poignant v. United States, 2 Cir., 1955, 225 F.2d 595; Uline Ice, Inc., v. Sullivan, 1950, 88 U.S. App.D.C. 104, 187 F.2d 82; The T. J. Hooper, 2 Cir., 1932, 60 F.2d 737.

Consequently, plaintiff is entitled to a new trial on the issue of negligence as well as that of unseaworthiness.

Reversed and remanded for a new trial.

FRANK, Circuit Judge (concurring).

On the negligence issue, the judge, at defendant's request, charged, "It is enough if the steps and paint are commonly used and accepted in the industry at the time." This was as obvious an error, on a material matter, as one can imagine. For the Supreme Court, this court and others have often held that usual practices, by others in the same industry or trade, similar to a defendant's practices, do not constitute a defense in a negligence action.[1]

1955, 226 F.2d 561, where Rule 30 of the Federal Rules of Criminal Procedure, which is similar in content to Rule 51 of the Federal Rules of Civil Procedure, was harshly interpreted as preventing appellate review in *criminal* cases of *all* objections to charges not properly raised below.

10. Richmond, F. & P. R. Co. v. Brooks, 1952, 91 U.S.App.D.C. 24, 197 F.2d 404, appears to hold that any alleged error in the charge on a significant aspect of the case will be considered on appeal despite failure to comply with Rule 51. The great weight of authority is to the contrary. See, e. g., Pierce Consulting Engineering Co. v. City of Burlington, 2 Cir., 1955, 221 F.2d 607, 609; Kane v. American Tankers Corp., 2 Cir., 1955, 219

F.2d 637; Thorp v. American Aviation and General Ins. Co., 3 Cir., 1954, 212 F.2d 821; Allen v. Nelson Dodd Produce Co., 10 Cir., 1953, 207 F.2d 296; Smith v. Welch, 10 Cir., 1951, 189 F.2d 832.

1. Grand Trunk R. Co. v. Richardson, 91 U.S. 454, 469, 23 L.Ed. 356; Wabash R. Co. v. McDaniels, 107 U.S. 454, 460–461, 2 S.Ct. 932, 27 L.Ed. 605; Texas & P. R. Co. v. Behymer, 189 U.S. 468, 470, 23 S.Ct. 622, 47 L.Ed. 905; The T. J. Hooper, 2 Cir, 60 F.2d 737; Brigham Young University v. Lillywhite, 10 Cir., 118 F.2d 836, 840, 137 A.L.R. 598; Worcester v. Pure Torpedo Co., 7 Cir., 127 F.2d 945, 947; Uline Ice, Inc., v. Sullivan, 88 U.S.App.D.C. 104, 187 F.2d 82, 84.

My colleagues indicate that, were it not for our reversal on the unseaworthiness issue, they would probably have disregarded this error. I cannot agree. My colleagues refer to Rule 51 and the fact that, before the jury retired, plaintiffs' counsel did not state distinctly that he objected and the grounds of the objection. My colleagues concede that, in an exceptional case, we may review errors not "saved" by a proper objection. They suggest this is not an exceptional case, relying on a statement in United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555. There the Supreme Court, set forth, in the disjunctive, two grounds for reviewing such errors:

(1) "the errors are obvious

*or*

(2) they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings."

My colleagues stress the second ground. But the first ground alone suffices, as the cases make clear.[2] And here, as observed above, the error was magnificiently obvious. A litigant surely has the right to assume that a federal trial judge knows the elementary substantive legal rules, long established by the precedents, and that therefore the judge will act accordingly, without prompting by the litigant's lawyer.[3]

2. See 5 Moore, Federal Practice (2d ed.) 1904–1905, 2503–2504; 6 Id. 3780–3781; Hormel v. Helvering, 312 U.S. 552, 556–557, 61 S.Ct. 719, 85 L.Ed. 1037; Callen v. Pennsylvania R. Co., 3 Cir., 162 F. 2d 832, 835, affirmed on other grounds 332 U.S. 625, 68 S.Ct. 296, 92 L.Ed. 242; Dowell, Inc., v. Jowers, 5 Cir., 166 F.2d 214, 221, 2 A.L.R.2d 442, certiorari denied 334 U.S. 832, 68 S.Ct. 1346, 92 L.Ed. 1759; Shokuwan Shimabukuro v. Higeyoshi Nagayama, 78 U.S.App.D.C. 271, 140 F.2d 13; Rowlik v. Greenfield, D.C., 87 F.Supp. 997, 999–1000, affirmed 3 Cir., 179 F.2d 678.

3. Because, usually, the lawyers alas do not have in hand the judge's charge in

writing before he delivers it, they may overlook errors in the charge, until they receive a transcript after the trial is over. This may be especially true if the charge contains an error concerning elementary legal principles which lawyers reasonably assume the judge did not overlook.

Although it is not necessary to sustain my position, I note that particularly here was plaintiff entitled to assume that the judge would pay attention to the legally obvious, since she is a "ward of admiralty," to the protection of whose interests he should have given unusual care.