245 F.2d 461
 Hollis W. MAUPIN, Plaintiff-Appellant,
v.
ERIE RAILROAD COMPANY, Defendant-Appellee.
 No. 348, Docket 24186.
 United States Court of Appeals Second Circuit.
 Argued May 9, 1957.
Decided May 29, 1957.
 
 Delson, Levin & Gordon, New York City, for plaintiff-appellant, milton H. Spiero and Robert H. Kilroe, New York City, of counsel.
 Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for defendant-appellee, J. Roger Carroll, New York City, of counsel.
 Before CHASE, HINCKS and LUNBARD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Concededly, the appellant could have walked back to his post at the stern along the port side of the deck had he chosen to do so. He did not because it had become wet. Though he knew the moored tanker was there, he elected to walk along the side nearest to it while the tug was drifting toward it. He was accustomed to doing a deckhand's work in such close quarters and was bound to act as a prudent deckhand would in the same circumstances. Whether he did was a question to be determined by the jury. Schulz v. Pennsylvania R. Co., 350 U.S. 523, 76 S.Ct. 608, 100 L.Ed. 668. That question was submitted to the jury in a charge to which appellant took no exception. Without that, no failure to charge as requested was assignable as error. Moore v. Waring, 2 Cir., 200 F.2d 491. Moreover, it was a fair and adequate submission of the issues.
 
 
 2
 Judgment affirmed.