**Rowland G. WEBB, Plaintiff-Appellant,**

v.

**UNITED STATES LINES COMPANY,**
**Defendant-Appellee.**

**No. 258, Docket 25324.**

United States Court of Appeals
Second Circuit.

Argued April 16, 1959.

Decided May 14, 1959.

Kenneth Heller, New York City (Charles A. Ellis, New York City, of counsel), for plaintiff-appellant.

Kirlin, Campbell & Keating, New York City (James B. Magnor, New York City, and Henry J. O'Brien, Buffalo, N. Y., of counsel), for defendant-appellee.

Before CLARK, Chief Judge, and SWAN and MOORE, Circuit Judges.

SWAN, Circuit Judge.

This is an appeal by plaintiff from a judgment in his favor after trial to a jury, and from denial of his motion to set aside the verdict as inadequate. The appellant claims errors in the charge to the jury as well as inadequacy of the verdict.

Plaintiff is an American seaman who was employed as an engine room wiper on defendant's vessel. He was injured on November 7, 1956 while climbing a 10-foot ladder in the engine room to clean the starboard boiler preparatory to painting it. Fiehler, the engine room utility man, was the "boss" in charge of the work. The ladder was neither lashed nor held at top or bottom. When plaintiff reached the top, the ladder slipped

and he fell with it to the deck, sustaining a serious knee injury. He testified that Fiehler ordered him to climb the ladder. Fiehler denied giving such an order and said that plaintiff mounted the ladder voluntarily knowing it was not lashed. There was also conflicting evidence as to how much the vessel was rolling.

The complaint in plaintiff's action is based on the Jones Act, 46 U.S.C.A. § 688, for negligence, and on the general maritime law for unseaworthiness. The court charged as to the duty of the defendant under either theory, and as to the factors to be considered in assessing damages if the defendant was found liable. He charged also that assumption of risk by plaintiff was not in the case, and charged to the effect of contributory negligence, if the jury found contributory negligence. The jury's verdict was: "It is the verdict of this jury that under the marine law Mr. Roland G. Webb be awarded $5750 for injury incurred on his knee aboard the S.S. Pioneer Reef." .

█ Appellants' complaint that the verdict was inadequate presents no question for an appellate court. Maher v. Isthmian Steamship Co., 2 Cir., 253 F. 2d 414, 416. Nor can the verdict be impeached by what some juror subsequently stated as to how the verdict had been reached. Rotondo v. Isthmian Steamship Co., 2 Cir., 243 F.2d 581, 583; United States v. Grieco, 2 Cir., 261 F.2d 414, 415.

Appellant's main contention asserts that the court erred in failing to give requests 11 and 13 which refer to the penalties provided by 46 U.S.C.A. § 701 subds. 4 and 5 for refusal to obey a lawful command. The appellee contends that plaintiff waived all exceptions to the charge as

given.[1] While in certain circumstances an appellate court may review errors not saved by a proper objection, we doubt that our discretionary power should be here exercised.[2] However, the point need not be decided, because in our opinion the trial court was justified in refusing to charge the requests.

█ The court charged the jury that they must resolve the conflict in the evidence as to whether Webb was ordered by Feihler to climb the ladder at the time he did or whether he took it upon himself to do so; that if they found that the defendant was negligent or failed to provide a seaworthy ship, and that the plaintiff failed to exercise the reasonable degree of care that a seaman with his experience would have used under similar circumstances, then they may conclude that the plaintiff was guilty of contributory negligence, and in that event the damages should be apportioned. The appellant contends that such an issue could not be justly determined without instruction as to the disobedience statute. We disagree. There was no issue as to failure to obey a lawful command. Plaintiff testified that Feihler placed the ladder with his assistance and said "That is the position where I want it." But when plaintiff on cross-examination was pressed as to why he himself had not lashed the ladder at the bottom to make it secure, he admitted that to have done so would not have violated any order. Since he was free to lash the ladder before climbing it, the order to ascend, if given, was not a defense to contributory negligence based on plaintiff's own failure to secure the ladder. As the court charged, there was no issue of assumption of risk by plaintiff; nor was any such

1. Appellee refers to the following colloquy between court and counsel:
"Mr. Heller: It was an excellent charge, your Honor.
"The Court: Do you waive all your exceptions except the one about the lawful command?
"Mr. Heller: If you will charge that I will waive my exceptions.
"The Court: Don't trade with me. I just think that is not in the case too much.

"Mr. Stein [Plaintiff's trial counsel]: That is right. Let them take it as it is."

2. See Johnson v. United States, 318 U.S. 189, 200, 63 S.Ct. 549, 87 L.Ed. 704; United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555; Troupe v. Chicago, D. & G. Bay Transit Co., 2 Cir., 234 F.2d 253, 259–260; 5 Moore's Federal Practice (2d Ed. and 1958 Supp.) par. 51.04.

**613**

claim made by defendant. Under these circumstances the court believes that a charge with respect to criminal liability for disobedience of an order was unnecessary and would have been seriously prejudicial to defendant's contention that plaintiff was negligent in mounting an unlashed ladder. The authorities cited by appellant as requiring the penalty statute to be charged are distinguishable on their facts.

Appellant's contentions that the charge as to the method of computing damages was erroneous and that the court made prejudicial remarks during the trial are without substance and deserve no discussion.

Judgment affirmed.