Denise **THOMPSON**, an infant, by her Guardian ad Litem Addison Thompson and Addison Thompson, Plaintiffs-Appellants,

v.

**LASKAS MOTOR LINES, INC.,**
Defendant-Appellee.

No. 160, Docket 25677.

United States Court of Appeals
Second Circuit.

Argued Jan. 15, 1960.

Decided Jan. 28, 1960.

Harry Ruderman, New York City (Jacob Rassner, Thomas F. Frawley, New York City, of counsel), for plaintiffs-appellants.

Cusack, Shumate & Geoghan, New York City (William L. Shumate, New York City, of counsel), for defendant-appellee.

Before CLARK, HINCKS and WATERMAN, Circuit Judges.

**206**

PER CURIAM.

On November 16, 1956 Denise Thompson, aged 4½ years, was struck by a truck owned by defendant. Her father, in his own right and as her guardian, filed suit in the Southern District of New York for his damages and for her injuries, basing his action on diversity jurisdiction. Trial was before Judge Ryan and a jury. A verdict was rendered for defendant. Plaintiff moved to set the verdict aside and also moved for a new trial. The motions were denied, and plaintiff has appealed.

■ Plaintiff contends the verdict was contrary to the weight of the evidence. While the evidence was conflicting as to the circumstances under which the accident occurred, this conflict was a factual one, and the jury chose to believe defendant's explanation as detailed by its witnesses.

■ Plaintiff also objects on appeal to several portions of Judge Ryan's charge to the jury. No objection was made at the time the charge was given. We hold that any possible defect in the charge was not of such exceptional character as to warrant exercise of this court's discretionary power to consider objections to the charge not raised below. Troupe v. Chicago, Duluth & Georgian Bay Transit Company, 2 Cir., 1956, 234 F.2d 253, 259–260.

■ Finally, plaintiff urges reversal for the failure of Judge Ryan to include in the charge the following requested instruction: " * * * if in evaluating the proof, the scales preponderate, however slightly, in favor of the plaintiffs, they have met their burden of proof." Judge Ryan rejected this request, stating that he had otherwise instructed concerning the burden of proof, and any further instruction would only serve to confuse the jury.

We hold that the charge was adequate and that denial of the post-verdict motions was proper.

Judgment affirmed.