**FINN v. WOOD.**

No. 94, Docket 21463.

United States Court of Appeals
Second Circuit.

Argued Dec. 13, 1949.

Decided Jan. 3, 1950.

I. Jesse Winter, New York City, attorney for plaintiff-appellee; Benjamin H. Siff, New York City, of counsel.

Richards W. Hannah, New York City, attorney for defendant-appellant.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

PER CURIAM.

In this suit to recover damages for personal injuries sustained when appellee was hit on a street in the City of New York by an automobile driven by the appellant, the former recovered a judgment from which this appeal was taken. Diversity jurisdiction was shown. The appellant relies for reversal upon the trial court's exclusion of certain evidence, failure to grant a motion for a mistrial, reading of certain evidence to the jury, granting in the presence of the

584

jury a motion to raise the *ad damnum,* and upon a claim that there were errors in the charge.

We find no reversible error. The evidence excluded was in the form of motion pictures showing appellee's ability to walk at a time after the accident occurred but before he underwent an operation. It was undisputed that he could walk during this period and that he was doing so under the advice of his doctor who had told him to do a lot of walking. The evidence was not contradictory but was merely cumulative and its exclusion was well within the discretion of the trial judge. Boyarsky v. G. A. Zimmerman Corp., 1st Dep't, 240 App.Div. 361, 365, 270 N.Y.S. 134.

The motion for a mistrial was made as the result of a question asked the appellant, who had testified that he did not know that he had hit anybody until he was so informed when he stopped at a traffic light about a block beyond the scene of the accident. His attention was directed to a later time when he was questioned at the Motor Vehicle Bureau and he was asked on cross examination if he knew that he was being examined at the Bureau on the charge that he was a hit-and-run driver. The question was not answered. While the incident seems too trivial to have required a mistrial anyway, it appears in addition that appellant had attempted to explain an inconsistency between what he said at the Motor Vehicle Bureau and what he had testified to in court on the basis of his confusion when at the Bureau and the cause of that confusion would appear to be a proper subject to explore on cross examination.

The reading of a bit of the testimony of one witness was done at the direction of the judge to obviate any possibility that he had given an erroneous summary of it and certainly may not be complained of where, as here, no objection was made. As much is true of the allowance of a motion to raise the *ad damnum,* at least where, as in this case, the motion was granted before counsel had made their opening statements.

No objections were made with respect to the charge as given or to the failure to charge as requested. Without that nothing is presented for review, Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A.; O'Connell v. Naess, 2 Cir., 176 F.2d 138, 140, in the absence of plain error, which does not here appear. Finally, the appellee's contributory negligence was clearly a question for the jury.

Judgment affirmed.