Susie Mae JOHNSON, Plaintiff-Appellant, Cross-Appellee,

v.

WILLIAM C. ELLIS & SONS IRON WORKS, INC., etc., Defendant-Appellee,

Long Reach Manufacturing, etc., Defendant-Appellee, Cross-Appellant.

No. 77–1919.

United States Court of Appeals, Fifth Circuit.

Jan. 11, 1980.

Robert Lawson Holladay, P. J., Townsend, Jr., Drew, Miss., for Susie Mae Johnson.

W. O. Luckett, Jr., Clarksdale, Miss., for William C. Ellis & Sons Iron Works, Inc.

W. Swan Yerger, Robert T. Gordon, Jr., Jackson, Miss., for Long Reach Mfg., etc.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC (Opinion 10/18/79, 5 Cir., 1979, 604 F.2d 950).

Before TUTTLE, GODBOLD and RUBIN, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

IT IS ORDERED that the part of the original opinion beginning on page 957 of 604 F.2d 950 and ending at Part 2 on page 958, captioned as set forth below, is withdrawn and the following is substituted:

A. Alleged Evidentiary Errors

1. *Refusal to Admit Safety Publications Into Evidence*

Even in diversity cases, the Federal Rules of Evidence govern the admissibility of evidence in the federal courts. Fed.R.

Evid. 1101(b). (In some instances those rules refer back to state rules. *E. g.*, Rule 302, presumptions; Rule 501, privileges.) At trial the plaintiff sought, without success, to have statements from the following materials admitted into evidence: The Principles and Techniques of Mechanical Guarding Bulletin No. 497, published by the Department of Labor, Bureau of Labor Standards, 1959; Handbook of Industrial Safety Standards, published by the National Conservation Bureau Division of Association of Casualty and Surety Executives, 1945; The Safety Code for Mechanical Power Transmission Apparatus, published by the American Standards Association, 1953; and the American Standard Safety Code for Power Presses, published by the American Standard Association, 1960. In refusing to admit any of these, the court relied on *Catholic Diocese v. Jaquith*, Miss.1969, 224 So.2d 216, which held that governmental safety codes and regulations are admissible in evidence only when they have been given compulsory force by the state legislature, and that only treatises dealing with the "exact sciences" may be admitted.

■ As we have already pointed out, the admissibility of these publications is governed by federal, not state law, so the court's reliance on *Jaquith* was misplaced. The Federal Rules of Evidence contain two rules that must be considered in connection with the admissibility of the proffered materials. Both are contained in Rule 803, dealing with exceptions to the hearsay rule. Part 18 sanctions the admission of "statements contained in published treatises, periodicals or pamphlets on a subject of history, medicine or other science or art" if the publication has been called to the attention of an expert witness on cross-examination or relied upon by him in direct examination and if the publication is established as reliable authority either by the testimony or admission of the witness, or by other expert testimony or by judicial notice. "If admitted," pursuant to Part 18, "the statements may be read into evidence but may not be received as exhibits." In addition, Part 24 permits the court to admit "[a] statement not specifically covered" by any other exception "but having equivalent circumstantial guarantees of trustworthiness," if the court determines that "(A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence." The offer may not be received, however, Part 24 continues, "unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant."

■ We have held that safety codes and standards are admissible when they are prepared by organizations formed for the chief purpose of promoting safety because they are inherently trustworthy and because of the expense and difficulty involved in assembling at trial those who have compiled such codes. *Frazier v. Continental Oil Co.*, 5 Cir. 1978, 568 F.2d 378, 382; *Muncie Aviation Corp. v. Party Doll Fleet, Inc.*, 5 Cir. 1975, 519 F.2d 1178, 1183; *accord, Davis v. Fox River Tractor Co.*, 10 Cir. 1975, 518 F.2d 481; *Wallner v. Kitchens of Sara Lee, Inc.*, 7 Cir. 1969, 419 F.2d 1028; *Boston and Maine Railroad v. Talbert*, 1 Cir. 1966, 360 F.2d 286. These rulings remain the law of the circuit, for they determine in effect that safety codes and like publications meet the criteria of Part 24. Our prior decisions concerning such materials were not overturned by the adoption of the Federal Rules of Evidence, for there is nothing in the Rules that conflicts with them; indeed our opinion in *Frazier v. Continental Oil Co.*, 5 Cir. 1978, 568 F.2d 378, was released subsequent to the adoption of the Federal Rules of Evidence and in parts of that opinion we relied on the Rules. *See id.* at 383.

The Federal Rules of Evidence simply modify the procedure for admission estab-

lished by our earlier cases. *See generally* Annot. 58 A.L.R.3d 148 (1974); Comment, *Admissibility of Safety Codes, Rules and Standards in Negligence Cases*, 47 Tenn.L.Rev. 581, 587 (1970). Judge Weinstein in 4 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 803(24)[01] (1979) comments that the same approach should be used in ruling on proffers made pursuant to Rule 803(24) as we used in *Frazier* and in *Muncie v. Party Doll Fleet, Inc.*, 5 Cir. 1975, 519 F.2d 1178, prior to the adoption of the Rules. *See* 4 J. Weinstein & M. Berger, *supra* at 289 & n. 13. The Federal Rules of Evidence do, however, now determine the procedure for admissibility of such materials; the codes offered here were not admissible under Rule 803(24) because the requisite advance notice was not given.

■ Rule 803(18), however, provides an alternative basis for admission of statements taken from the proffered publications although not for their reception as exhibits. Long Reach concedes that the American Standard Safety Code was established as a reliable authority by the testimony of an expert witness. At least two of the other publications were also admissible as reliable authorities under the federal rule and standards set forth above. In seeking the admission of information taken from these publications, Johnson specifically referred to Rule 803(18). Thus, the court's refusal to admit them is not supportable on the basis that they were not properly proffered by the plaintiff.[1]

■ Long Reach argues that the plaintiff was not prejudiced by the court's rejection of these publications because Johnson's experts were allowed to testify that their opinions were supported by the codes and publications of which they were aware, and one of Johnson's witnesses was allowed to read the American Safety Code's definition of a pinch point into the record and to have the definition copied for the jury. Thus the substance of these publications was effectively placed before the jury. However, if attention is directed only at whether Long Reach was negligent, without the injection of an instruction that Johnson himself was, it is difficult to conclude that the effect of the testimony was equivalent to the direct quotation of the pertinent part of each of the codes and publications. The direct quotation from a number of sources would have been more dramatic and might have been more persuasive. It is not for us to decide that the effect of what was excluded might not have altered the jury's views. Rule 103 instructs that error may not be predicated on an evidentiary ruling unless a "substantial right of the party is affected." This necessarily implies that, if there is a reasonable likelihood that a substantial right was affected, we should not find the error harmless. *Compare* Saltzburg, *The Harm of Harmless Error*, 59 Va.L.Rev. 988 (1973). Considering the manner in which this case reached the jury, we hold that there is such a reasonable likelihood.

In all other respects the petition for rehearing is DENIED. No member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is DENIED.

---

1. Long Reach contends that these publications were improperly proffered as exhibits, while Rule 803(18) authorizes only reading into the record statements from such publications. However, Johnson's counsel simply stated that he wanted to offer them into evidence, and did not restrict his proffer to submission of them as exhibits. Although the documents were marked as exhibits, such marking is merely the customary method of identification.