BRINK'S, INC., Plaintiff and Defendant on Counterclaim,

v.

The CITY OF NEW YORK, Defendant and Counterclaimant.

BRINK'S, INC., Third-Party Plaintiff,

v.

John ADAMS, Anthony De Nardo, Trevor Fairweather, Richard Florio, James Gargiulo, Jorge Olivari and Michael Solomon, William J. Donovan, Francis Gitto, Ramon Hernandez, William McInerney, Anthony San Marco, Jose Rodriguez, James Springett, John Barrera and Joseph Nardo, Third-Party Defendants.

No. 80 Civ. 6975.

United States District Court, S. D. New York.

May 25, 1982.

Milgrim Thomajan Jacobs & Lee, P. C., New York City, for plaintiff and defendant on counterclaim; Andrew L. Deutsch, Robert A. Meister, New York City, of counsel.

Frederick A. O. Schwartz, Jr., Corp. Counsel of City of New York, New York City, for defendant and counterclaimant; Edward Tuozzo, Patricia Kruger, Asst. Corp. Counsels, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for third-party defendant Gargiulo; H. Michael Clyde, Harold E. Akselrad, New York City, of counsel.

Harvey M. Greene, New York City, for third-party defendant Gitto.

Philip M. Kovitz, New York City, for third-party defendants Hernandez, Rodriguez and Olivari.

Carmine Perrotta, New York City, for third-party defendant San Marco.

Koenigsberg, Norman, Schneider & Biller, New York City, for third-party defend-

ants Springett, Barrera and Nardo; Graham Schneider, New York City, of counsel.

## OPINION

### EDWARD WEINFELD, District Judge.

The essential claim by The City of New York (the "City") against Brink's, Inc. ("Brink's") is for the recovery of the loss of New York parking meter revenues allegedly stolen during the course of collection by Brink's employees. Brink's has filed third-party claims for indemnification against some sixteen of its past and present employees (collectively the "third-party defendants"), fifteen of whom allegedly stole the parking meter revenues. The sixteenth man, William Donovan, supervised the other fifteen.

The City's claim against Brink's is based upon a number of theories—some sounding in contract, some sounding in tort. Basic to each theory is proof that Brink's employees pilfered and converted the deposits in the coin boxes; another element is damages—how much parking meter money was stolen. In an effort to establish these elements, the City has subpoenaed former and present Brink's employees, some of them third-party defendants. The group includes five employees who were convicted of stealing funds on April 9, 1980 and other employees with respect to whom, in addition to oral testimony as to their acts and conduct on certain days, a videotape was shown to support the City's charges that they too were engaged in larcenous activities.

The City intends to ask them, *inter alia*, whether, acting alone or in concert with other employees, they ever stole money from parking meters while working for Brink's, or whether they know of any other Brink's employees who did. When asked these same questions in pretrial depositions, each witness refused to answer, asserting the Fifth Amendment privilege against self-incrimination (the "privilege").

Brink's, joined by the third-party defendants, seeks to preclude upon this trial any questioning of any past or present Brink's' employee on matters with respect to which such witness may assert the privilege and to exclude any evidence of the claim of privilege.

■ A litigant is entitled to the testimony of any person who has knowledge of facts that are relevant to an issue in the case, subject to the witness' constitutional or other legally protected rights. Rule 402 provides:

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to. statutory authority. Evidence which is not relevant is not admissible.

Rule 401 further provides that:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would without the evidence.

■ Obviously, the fact that meter funds were stolen and the extent of the resulting losses is "of consequence," if not vital, to the City's claim against Brink's. And surely such losses are made "more probable" by testimonial admissions of thefts, or by a permissible inference that may flow from the assertions of the privilege in response to questions regarding thefts.

Accordingly, such evidence is indeed relevant even though it may not be conclusive.[1] Being relevant, the evidence is admissible unless excludable because of the mandate of some constitutional, statutory or other law,[2] or because it is unduly prejudicial.[3]

The City may question past and present Brink's employees about their knowledge of, and participation in, thefts from New

---

1. Fed.R.Evid. 401. *See United States v. Pugliese*, 153 F.2d 497, 500 (2d Cir. 1945) (L. Hand, J.).

2. Fed.R.Evid. 402.

3. Fed.R.Evid. 403; *Contemporary Mission, Inc. v. Famous Music Corp.*, 557 F.2d 918, 928 (2d Cir. 1977).

York City parking meters. Answers to these questions, or a refusal to answer upon the assertion of the privilege, are competent and admissible evidence. The fact that such evidence is prejudicial by itself does not militate against its admission. Any evidence that gives support to one party's position is to the prejudice of the opposing side. To quote the familiar statement of Chief Judge Learned Hand, "If [the testimony] 'prejudiced' [the defendant], that was precisely its entirely laudable purpose."[4] Or, as stated more recently, "while the testimony may very likely have worked to the prejudice of the appellant, it did so because the evidence was damning, not because its introduction was error."[5]

In *Baxter v. Palmigiano,*[6] the Supreme Court held "that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them...."[7]

The individual third-party defendants acknowledge that *Baxter* precludes an objection based on the Fifth Amendment, and that if they do assert the privilege, the jury may draw from the silence whatever reasonable inference the circumstances warrant. However, they object on the basis of undue prejudice.

Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." The rule thus calls for a balancing test, with the balancing to be done by the trial judge.[8]

Striking the balance, I find, on the one hand, no real danger of unfair prejudice. For a witness to assert his Fifth Amendment privilege in the course of a civil trial is "hardly the equivalent" of passing a bloody shirt among the jury or introducing a dying accusation of poisoning.[9] On the other hand, such evidence of theft has significant probative value and is essential to the City's claims. Outright admissions of widespread theft would give substantial support to a basic element of the City's claim—that meter collections were stolen; it is also probative on the issue of damages.

With respect to the assertion of the privilege by any witness, Mr. Justice Brandeis' observation is pertinent: "Silence is often evidence of the most persuasive character."[10] The motion is therefore denied with respect to the moving third-party defendants.

■ Brink's also recognizes that in civil litigation an adverse inference may be drawn against a party asserting the privilege. Brink's argument in urging that the proffered evidence of the Brink's employees be excluded essentially is twofold. First, it joins the third-party defendants in their contention that the prejudicial impact of the testimony, even though relevant, is unduly prejudicial. Second, it contends that the Fifth Amendment privilege is personal to each witness (here a present or former employee of Brink's), and if asserted, no inference should be permitted against a third party (here Brink's itself). The first contention has already been answered—the

**4.** *United States v. Compagna,* 2d Cir., 146 F.2d 524, 530, *cert. denied sub nom. Maritote v. United States,* 324 U.S. 867, 65 S.Ct. 913, 89 L.Ed. 1423 (1945).

**5.** *United States v. Cirillo,* 468 F.2d 1233, 1234 (2d Cir. 1972), *cert. denied,* 410 U.S. 989, 93 S.Ct. 1501, 36 L.Ed.2d 188 (1973).

**6.** 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976).

**7.** 425 U.S. at 318, 96 S.Ct. at 1558, citing 8 J. Wigmore, Evidence § 2272, at 939 (McNaughton rev. 1961).

**8.** *United States v. Robinson,* 560 F.2d 507, 514–16 (2d Cir. 1977), *cert. denied,* 435 U.S. 905, 98 S.Ct. 1451, 55 L.Ed.2d 496 (1978).

**9.** *United States v. Leonard,* 524 F.2d 1076, 1091 (2d Cir. 1975) (Friendly, J.), *cert. denied,* 425 U.S. 958, 96 S.Ct. 1737, 48 L.Ed.2d 202 (1976). *See, e.g., United States v. Ravich,* 421 F.2d 1196, 1204–05 (2d Cir. 1970) (Friendly, J.) (admission of guns and ammunition upheld), *cert. denied,* 400 U.S. 834, 91 S.Ct. 69, 27 L.Ed.2d 66 (1970).

**10.** *United States ex rel. Bilokumsky v. Tod,* 263 U.S. 149, 153–54, 44 S.Ct. 54, 55–6, 68 L.Ed. 221 (1923), *quoted with approval, Baxter v. Palmigiano,* 425 U.S. at 319, 96 S.Ct. at 1558.

evidence is highly probative on essential issues in this case and to exclude it would be unduly prejudicial to the City and, in effect, bar it from presenting vital proof in support of its claims.

As to the contention that any inference should be limited to the individual asserting his privilege, Brink's relies upon two authorities, *Marine Midland Bank v. John E. Russo Produce Company*,[11] and *United States v. Five Cases.*[12] Of these two authorities, the first, *Marine Midland Bank*, is a state court decision on a state law question,[13] and is thus inapplicable here. Although this is a diversity case, we look to federal law as decisive on this evidence question.[14]

The second authority, *Five Cases*, is not dispositive of the issue here presented. It abounds in dicta, but more important, these must yield to the holding in the recent *Baxter* case already referred to. *Baxter* permits an adverse inference to be drawn against a witness who asserts the privilege in a civil case. In this case the inference is probative on an essential issue, one at the core of the City's claim—whether the coin meter boxes were pilfered by Brink's' employees.

The acts as to which the City seeks to question such employees relate to their services while engaged in the collection of coins from the meter vaults, which was Brink's' obligation under its contract with the City. Under the circumstances, testimonial admissions of thefts by these employees, or in the absence of such testimony, assertions of the privilege in response to questions intended to expose thefts, are relevant evidence in the City's case against Brink's.

There can be no doubt that if an employee decided not to assert his privilege and, for example, as a matter of conscience, as the expression goes, "come clean," and testify that he stole meter funds, such evidence would be admissible against Brink's. There is no reason in logic why if the witness asserts the privilege it should not likewise be admitted in the City's case against Brink's. The probative value of the evidence outweighs any danger of unfair prejudice.

Accordingly, Brink's motion is likewise denied.

---

**11.** 50 N.Y.2d 31, 427 N.Y.S.2d 961, 405 N.E.2d 205 (1980).

**12.** 179 F.2d 519 (2d Cir.), *cert. denied*, 339 U.S. 963, 70 S.Ct. 997, 94 L.Ed. 1372 (1950).

**13.** *See* 50 N.Y.2d at 45, 427 N.Y.S.2d at 969, 405 N.E.2d 205.

**14.** *See* Fed.R.Evid. 402 (competence determined by federal law); *Johnson v. William C. Ellis & Sons Iron Works*, 609 F.2d 820, 821 (5th Cir. 1979); *United States v. Jacobs*, 547 F.2d 772, 777 (2d Cir. 1976) (inconsistent state evidence rules barred by catch-all clause of Rule 402), *cert. dismissed*, 436 U.S. 31, 98 S.Ct. 1873, 56 L.Ed.2d 53 (1978). *See generally Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980); Ely, *The Irrepressible Myth of Erie*, 87 Harv.L. Rev. 693 (1974).