Samantha **BOLSTRIDGE** and Nona **Bolstridge, Plaintiffs,**

v.

**CENTRAL MAINE POWER COMPANY, Defendant.**

**Civ. No. 84–0128–P.**

United States District Court, D. Maine.

Nov. 21, 1985.

---

Vicki S. Roundy, Charles B. Doleac, William C. Scott, Boynton, Waldron, Doleac, Woodman & Scott, Portsmouth, N.H., for plaintiffs.

Peter W. Culley, Andrea L. Cianchette, John J. O'Leary, Pierce Atwood Scribner Allen Smith & Lancaster, Portland, Me., for defendant.

## ORDER DENYING PLAINTIFFS' MOTION FOR ADMISSION OF THE VIDEOTAPE "DAY IN THE LIFE OF SAMANTHA BOLSTRIDGE"

GENE CARTER, District Judge.

Plaintiffs filed a motion on October 24, 1985 to admit a "Day in the Life" videotape into evidence. The videotape is intended to depict a typical day in the life of Plaintiff Samantha Bolstridge in order to demonstrate to the jury the impact of her injuries on her day-to-day activities. Defendant objects to Plaintiffs' motion on the grounds that the videotape is hearsay and will provide only cumulative evidence. In addition, subsequent to viewing edited and unedited versions of the videotape, Defendant's counsel, in a hearing on this motion held November 14, 1985, made several specific objections to the contents of the tape regarding its representational character and potential for undue prejudice.[1]

The question of permitting the showing of a motion picture film or videotape at trial is one for the sound discretion of the Court. *Szeliga v. General Motors Corp.*, 728 F.2d 566, 567 (1st Cir.1984). The propriety of allowing videotapes of this type into evidence is questionable for several reasons. Almost always an edited tape necessarily raises issues as to every sequence portrayed of whether the event shown is fairly representational of fact, after the editing process, and whether it is unduly prejudicial because of the manner of presentation. Further, the fact that a plaintiff is aware of being videotaped for such a purpose is likely to cause self-serving behavior, consciously or otherwise. *See Haley v. Byers Transportation Com-*

---

1. Defendant contends that several aspects of the film indicate that the day depicted is not typical for the Plaintiff and is unduly prejudicial toward the Defendant. For example, Defendant suggests that the filming of the Plaintiff ordering a wheelchair focuses on the Plaintiff's injuries, while it is actually an activity Plaintiff must perform only once every several years. Defendant also contends that conversation in the unedited version of the film suggests that the Plaintiff does not go shopping very often, although it is depicted in the film, and does not exit the house in the manner depicted in the film. Defendant also asserts that the edited version of the film focuses only on the difficulties Plaintiff encountered in eating that day and does not fairly convey the totality of her actual experience. Finally, Defendant asserts that the manner in which Plaintiff is depicted washing her face at the end of the day is simply not believable. (Defendant also contends that the sound track has been altered, however, Plaintiff has offered to play the tape without sound.) Since the Court holds that the entire film is inadmissible, it does not reach these objections.

*pany,* 414 S.W.2d 777, 780 (Mo.1967). Next, use of a videotape for such purposes is troublesome because it dominates evidence more conventionally adduced simply because of the nature of its presentation. "[T]he very obvious impact of these films would have been to create a sympathy for the plaintiff out of proportion to the real relevancy of the evidence." *Id.* Finally, such a videotape may serve to distract the jury from other cogent issues which properly must be considered to produce a fair verdict conscientiously derived from an impartial consideration of the evidence with strict attention to applicable principles of law.[2]

For all of the above reasons, the Court concludes that videotapes should be admitted as demonstrative evidence only when the tapes convey the observations of a witness to the jury more fully or accurately than for some specific, articulable reason the witness can convey them through the medium of conventional, in-court examination. Such is not shown to be the case in this instance. *Szeliga v. General Motors Corp.,* 728 F.2d 566, at 567. Samantha Bolstridge appears to be able to testify on her own behalf. She can demonstrate to the jury in open court activities similar to those depicted in the videotape. Further, relatives and physicians of the Plaintiff Samantha Bolstridge may offer similar testimony. Thus, the videotape, in any event will be merely cumulative of testimonial evidence which is available to the Plaintiff. *See Johnson v. William C. Ellis & Sons Iron Works,* 604 F.2d 950, modified on other grounds, 609 F.2d 820 (5th Cir.1979); *Finn v. Wood,* 178 F.2d 583 (2d Cir.1950); *DeCamp v. United States,* 10 F.2d 984 (D.C.Cir.1926); Also, admission of the tape into evidence will create the risk of distracting the jury and unfairly prejudicing the Defendant, principally though not exclusively, because the benefit of effective cross-examination is lost. *See Haley v.*

*Byers Transportation Company,* 414 S.W.2d 777 (Mo.1967). Therefore, it should be excluded under Fed.R.Evid. 403; *Johnson,* 604 F.2d at 958. *See also Foster v. Crawford Shipping Co., Ltd.,* 496 F.2d 788 (3d Cir.1974); *Finn,* 178 F.2d at 584; *DeCamp,* 10 F.2d at 985; 5 J. Weinstein, M. Berger, Weinstein's Evidence 1001–36 (1983) ("where the motion picture is not necessary to prove or disprove a material proposition, it should not be allowed into evidence.")

This policy is consistent with that set in Fed.R.Civ.P. 32(a)(3), which provides for the admission of videotaped depositions only in instances where the witness is unavailable or "such exceptional circumstances exist as to make it desirable, in the interest of justice and *with due regard to the importance of presenting the testimony of witnesses orally in open court.*" (Emphasis added.)

Accordingly, it is ORDERED that Plaintiffs' Motion for Admission of the Videotape "Day in the Life of Samantha Bolstridge," filed October 24, 1985, be, and is hereby, DENIED.

---

2. Fed.R.Evid. 1001(2) defines "photographs" as inclusive of videotapes and motion pictures, and therefore properly authenticated tapes do not appear to be inadmissible on grounds of hearsay. *See also Grimes v. Employers Mutual Liability Insurance Co.,* 73 F.R.D. 607, 610–11 (D. Alaska) (1977). However, policy issues akin to hearsay are also raised even if the tapes are not hearsay. Even in instances where the videotaping is attended by opposing counsel, the conduct filmed is not subject to cross-examination at the time it is made and, therefore, lacks some of the safeguards of the adversary system.