**GLADOS, INC., a Florida Corporation, Plaintiff–Appellee,**

v.

**RELIANCE INSURANCE COMPANY, Defendant–Appellant.**

No. 86–3448.

United States Court of Appeals, Eleventh Circuit.

Sept. 29, 1987.

---

W. Lane Neilson, Keith H. Lefevre, Neilson & Associates, Orlando, Fla., for defendant-appellant.

Jeré M. Fishback, Kleinfeld & Fishback, St. Petersburg, Fla., for plaintiff-appellee.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before TJOFLAT, Chief Judge, EDMONDSON, Circuit Judge, and MORGAN, Senior Circuit Judge.

PER CURIAM:

The Supreme Court granted certiorari in this case, vacated our judgment (*Glados, Inc. v. Reliance Insurance Co.*, 831 F.2d 1068 (11th Cir.1987)), and remanded the case to us for further consideration in light of *Beech Aircraft Corp. v. Rainey*, 488 U.S. ——, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988). *Reliance Insurance Co. v. Glados, Inc.*, —— U.S. ——, 109 S.Ct. 775, 102 L.Ed.2d 768 (1989). Having reconsidered our previous decision in light of *Beech Aircraft*, we conclude that that decision, which affirmed the district court, was correct. We adhere to our previous opinion with the exception of certain language which has been substituted. The modified opinion is as follows:

This is an appeal from a breach of contract case. A jury found that the defendant had failed to pay a claim that was covered by the plaintiff's insurance policy with the defendant, and the defendant now appeals. We affirm the judgment below.

### I.

The plaintiff, Glados, Inc., is a corporation formed for the purpose of operating a restaurant in Sarasota, Florida. Gladys Addison was the sole stockholder of Glados, and her husband, Bill Addison, was the corporation's general manager. The defendant, Reliance Insurance Company (Reliance), issued an insurance policy naming Glados, Inc. as the insured. The policy period was to last from September 3, 1982 through September 3, 1983.

A fire occurred at the Glados restaurant on December 31, 1982, and Glados subsequently made a claim under the policy's

fire insurance coverage. Reliance investigated the fire, and concluded that the fire had been intentionally set. Reliance refused to pay, claiming that Bill Addison had set the fire and that Glados had breached the policy by refusing to cooperate with Reliance's investigation. Glados then filed this suit.[1] After a trial in which the facts were hotly disputed, a jury found in a special verdict that Addison had not intentionally caused the restaurant fire and had not willfully or fraudulently misrepresented or concealed any material fact relating to the insurance claim. The jury gave Glados the damages it sought. The court thereafter denied Reliance's motion for a judgment n.o.v. or a new trial.

## II.

■ Reliance first argues that the district court committed reversible error by allowing the jury to consider the testimony of Andreas Ameres, whom Glados called as a rebuttal witness following the presentation of Reliance's case in chief. Under the precedent of this circuit, "[t]o prevail on this issue, [Reliance] must show (1) that the district court abused its discretion in erroneously admitting the testimony and (2) that the admission of the evidence affected [Reliance's] substantial rights." *O'Donnell v. Georgia Osteopathic Hosp., Inc.,* 748 F.2d 1543, 1547 (11th Cir.1984) (citations omitted). We find no abuse of discretion.

Ameres had been the prior owner of Glados' restaurant, and had sold it to Glados in 1982. Ameres had also incorporated two other businesses, each of which operated a restaurant (Grapevine Restaurants No. 1 and No. 2) in the Tampa Bay area. As was the case with the restaurant Glados bought, Ameres sold each of these other restaurants to a third party and took back a note as part of the purchase price. The notes involved in the sale of these restaurants, as well as that between Ameres and Glados, required that the purchaser insure the restaurant assets against fire loss and

that corporations controlled by Ameres be named as an insured party. Following the sale of Grapevine Restaurants Nos. 1 and 2, a fire occurred at each facility. Relying on the security agreements, Ameres' corporations sought a share of the insurance proceeds.

A similar pattern of events occurred with regard to the Glados restaurant. Several months after Glados purchased the facility, a fire caused the partial destruction of the building and equipment. When Glados sued Reliance to recover insurance proceeds, counsel for Ameres filed a motion to intervene, claiming entitlement to some of the money Glados was seeking. Ameres' counsel later abandoned the motion, allegedly without informing Ameres, and the trial court denied the motion.

Federal Rule of Evidence 404(b) prohibits the admission of evidence of "other crimes, wrongs, or acts ... to prove the character of a person in order to show action in conformity therewith." Such evidence is admissible, however, for other purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Glados argues that the evidence of fires at other restaurants in which Ameres held a security interest is relevant to the issue whether Ameres had a plan or motive to set fire to the Glados restaurant. We agree.

This case is unusual in that the evidence of extrinsic acts concerns a third party, rather than the plaintiff or defendant. In *United States v. Morano,* 697 F.2d 923 (11th Cir.1983) (per curiam), we faced an analogous situation, in which the district court allowed the Government to introduce evidence of prior fires set by a third party allegedly hired by the defendant to destroy his business. We held that "Rule 404(b) does not specifically apply to exclude this evidence because it involves an extraneous offense committed by someone other than the defendant." *Id.* at 926. Nevertheless, we decided that "the exceptions listed in the Rule should be considered in weighing

---

1. Glados filed this suit in state court, and Reliance removed the case to the district court, alleging diversity of citizenship jurisdiction.

The trial of the case was then postponed because of a bankruptcy proceeding that is not relevant to this appeal.

the balance between the relevancy of this evidence and its prejudice under Rule 403." *Id.*

Reliance's primary defense to Glados' claim for insurance proceeds was that Bill Addison, with his wife's agreement, had intentionally set fire to their restaurant. Among other things, Reliance introduced evidence of the restaurant's poor financial condition to demonstrate a motive for arson, and elicited testimony that the Addisons had suddenly removed important documents shortly before the fire destroyed the office, implying that they had planned the fire. To counter this circumstantial evidence, Glados sought to show that it was not the only entity that stood to gain from the destruction of the restaurant. To this end, Glados elicited testimony from Ameres that included descriptions of other fires.

The purpose of the evidence that Glados introduced was clearly relevant to the issues in dispute. In light of Reliance's defense that only Glados had a motive and plan for committing arson, Glados could logically rebut that argument by showing that a third party (Ameres) also had a motive and plan for the restaurant's destruction. Once that issue arose, we cannot say that the district court abused its discretion by concluding that evidence of similar fires was probative. *See generally United States v. Beechum*, 582 F.2d 898, 911 n. 15 (5th Cir.1978) (en banc).[2] Finally, although evidence of a pattern of fires at restaurants in which Ameres held an interest was obviously damaging to Reliance, we cannot say that its value was outweighed by any unfair prejudice. *See United States v. Williams*, 816 F.2d 1527, 1532 (11th Cir.1987) (excluding evidence under Rule 403 "is an exceptional remedy"). We conclude that the district court's decision to permit the jury to hear the evidence of other fires was not an abuse of discretion.

■ Reliance also contends that the district court committed reversible error by refusing to admit into evidence the conclusion of Ronald Albritton, a police investigator, that Bill Addison had ignited the fire at issue. The court permitted Detective Albritton to describe to the jury his investigation and most of his conclusions, e.g., who had been in the restaurant just prior to the blaze and what he had found in a safe in the office. In addition, Albritton testified that he had received very little cooperation from the Addisons during the course of his investigation. The court refused, however, to allow Albritton to testify that it was his conclusion that Bill Addison had intentionally set the fire.

At the time of the trial, the district court's exclusion of Detective Albritton's conclusion as to who set the fire was proper in light of existing Eleventh Circuit precedent which held that the hearsay exception of Fed.R.Evid. 803(8)(C) did not encompass an investigator's conclusion, even if it was premised on factual findings. *See Rainey v. Beech Aircraft Corp.*, 827 F.2d 1498 (11th Cir.1987) (en banc). The Supreme Court, however, recently overruled that precedent in *Beech Aircraft Corp. v. Rainey*, 488 U.S. ——, 109 S.Ct. 439, 102 L.Ed.2d 445 (1988). The Court's decision in *Beech Aircraft* held that "factually based conclusions or opinions are not on that account excluded from the scope of Rule 803(8)(C)." *Id.* at ——, 109 S.Ct. at 446. Instead, they are presumed admissible unless the sources of information for the report, or other circumstances, indicate a lack of trustworthiness. *Id.* at ——, 109 S.Ct. at 448. The Court then identified four factors helpful in passing on the trustworthiness of these conclusions: the timeliness of the investigation, the investigator's skill or experience, whether a hearing was held, and possible bias when reports are prepared with a view to possible litigation. *Id.* at ——, 109 S.Ct. 449 n. 11 (citing Fed.R. Evid. 803(8)(C) advisory committee note).

In light of *Beech Aircraft*, Detective Albritton's conclusion as to who set the fire was admissible under Rule 803(8)(C). The

---

**2.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

conclusion stemmed directly from the detective's factual findings in the course of his investigation. The investigation itself was made immediately following the fire, Detective Albritton's experience was not called into question, and, as a police investigator, he had no stake in any future litigation. Although a hearing was not held, all interested parties had a chance to contribute to the report, and therefore to influence the conclusions drawn. In addition, since the district court allowed the investigator to testify as to most of his conclusions made in the report, this indicates the court considered the fact-finding process leading to these conclusions trustworthy.

The question we therefore must address is whether the exclusion of Detective Albritton's conclusion was harmless error. The standard for harmless error is whether the complaining party's substantive rights were infringed upon. *Haney v. Mizell Memorial Hosp.*, 744 F.2d 1467, 1475 (11th Cir.1984). The cases in which substantial error did occur due to the failure to admit an investigative report focus primarily on whether the report was the only evidence to substantiate a crucial point, or whether, even if the information in the report was testified to, the data in the report was so crucial that there could be "no substitute for unedited data in the hands of the jury." *Ellis v. International Playtex, Inc.*, 745 F.2d 292, 305 (4th Cir.1984); *see also Robbins v. Whelan*, 653 F.2d 47, 52 (1st Cir. 1981).

In light of this standard, we find the error harmless. Since all the facts upon which the investigator's conclusion was based were brought out in his testimony, the mere fact that he did not say directly that he believed the owner of the restaurant had started the fire did not substantially detract from his testimony. *See Haney*, 744 F.2d at 1474–75. The excluded

conclusion was obviously not the only evidence to substantiate Reliance's theory that Bill Addison started the fire, since Detective Albritton testified as to all the facts and conclusions that led him to that ultimate conclusion. Moreover, his report in no way resembled a report involving particular scientific data that a jury might want to see first hand.[3]

■ Finally, Reliance argues that the district court erred in denying its motion for a directed verdict. Reliance based its motion on its claim that Glados had breached a "cooperation clause" in the policy when Gladys and Bill Addison refused to turn over their personal financial records. We find no error.

The pertinent provisions of the insurance policy state that when a loss occurs, "the Insured shall ... submit to examination under oath" and that "[Reliance] may examine and audit the Named Insured's books and records at any time during the policy period and extensions and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance." The face of the policy lists only Glados, Inc. as the "Named Insured," gives the restaurant address as the "Named Insured's Address," and describes the "Named Insured" as a corporation. Nowhere does the policy indicate that the Addisons, in their individual capacity, are to be treated in the same manner as the named insured.

Reliance concedes that the Addisons complied with requests that they allow it to examine the corporate documents and records of Glados. It contends, however, that because Glados was wholly owned by Gladys Addison, the personal financial records of the Addisons were highly relevant to Reliance's arson defense and were covered by the cooperation clause. We dis-

---

3. Appellant cites *Johnson v. William C. Ellis & Sons Iron Works*, 609 F.2d 820, 823 (5th Cir. 1980), to support its claim of substantial error. *Johnson* involved the admissibility of safety publications in a negligence case against a machinery manufacturer. The court held that even though some parts of these publications were read into the record, "[t]he direct quotation from a number of sources would have been more dramatic and might have been more persuasive." *Id.* at 823. The instant case, however, does not resemble the scenario in *Johnson*. The exclusion of one investigator's conclusion based on one report does not equal a series of safety publications, particularly when the investigator himself did testify to the pertinent facts in his report.

agree. The insurance policy is between Reliance and Glados, Inc., a corporation. The language of the cooperation clause is unambiguous, and requires only the "Named Insured" to provide relevant documents to Reliance. Under the terms of this policy, we cannot conclude that the Addisons were obligated to provide their personal records.[4]

AFFIRMED.

---

**4.** Reliance argues that the district court's jury instruction regarding whether Glados concealed or misrepresented any information related to the fire claim impermissibly increased its burden of proof. Assuming, *arguendo*, that this is so, the record demonstrates that any such error was harmless.